FISK vs. BRUNETTE, impleaded, etc.

1. Where one holds the legal title to land for another and as security for money advanced, if he buys in the tax certificates, he holds those also in trust, and is entitled, as against the *cestui que trust*, to interest upon the amount paid therefor, *only at seven per cent.*, and not at twenty-five per cent., the rate which such certificates bear, by statute, where no such trust relation exists.

2. Judgment that plaintiff be permitted to redeem land upon payment of a certain sum found due from him to defendant on an accounting, should provide also for interest on such sum from the rendition of the judgment to the time of payment.

3. Where the action was to enforce an absolute right to the land, and it appeared that defendant had a right to redeem, but had not tendered the amount due, judgment affirming the right of redemption should be without costs to either party.

APPEAL from the Circuit Court for *Brown* County.

Action of ejectment, complaint in the usual form, defense a counter claim. The court found as facts that the plaintiff, *Fisk*, held the land subject to a contract to convey to the defendant, *Brunette*, all title acquired by plaintiff from one Eastman, on

being repaid the sum of $1,000 advanced thereon, with all other sums previously advanced by *Fisk* to *Brunette*; that the plaintiff held as liens and incumbrances on the premises certain mortgages and tax certificates; and that plaintiff was entitled to twenty-five per cent. on the tax certificates up to the time of issuing tax deeds, and seven per cent. thereafter; that from the aggregate of plaintiff's advances and incumbrances should be deducted the amount realized by plaintiff on a certain mortgage executed by one F. R. Shettler to defendant, *Brunette*, and by him assigned to plaintiff in part payment of his advances, plaintiff having received on said mortgage, December 27, 1866, the sum of $1,345.82; that the whole amount of plaintiff's liens and incumbrances was $3,212.80, and that on payment of said sum with interest within a reasonable time to be fixed by the court, defendant *Brunette* would be entitled to a conveyance from plaintiff. Judgment in accordance with findings, with interest at seven per cent. from date of said findings, but without costs to either party, from which defendant appealed.

*Hudd & Wigman,* for appellant.

*Hastings & Greene, contra.*

DIXON, C. J. No question as to the defendant's right to redeem is before us on this appeal. The court below decided he had such right, and in that decision the plaintiff acquiesces. The only question before this court, therefore, is whether the account was correctly stated by the court below, and we are of opinion it was not. The right of redemption being established, and it appearing that the plaintiff held the legal title in trust for the defendant *Brunette*, and as security for the moneys due him on the mortgages and the various sums advanced by him, it seems clear that the court was in error in the allowances of interest which were made, and especially on the tax certificates which were bought in and held by the plaintiff for a number of years, and upon which the court allowed him interest at the rate of twenty-five per cent. per annum, down to the date of

the judgment. The purchase of such certificates by the plaintiff must be regarded as having been for the protection of the estate and for the mutual benefit of himself, and his *cestui que trust.* In other words they must be regarded as so much money advanced to the *cestui que trust* upon the faith of the security, and on which only the ordinary or lawful rate of interest for moneys loaned could be charged from the dates of purchase. Such, in equity at least, must be presumed to have been the intention of the plaintiff, and such the obligation which equity will impose in the statement of the plaintiff's account. It is the opinion of this court that the account should be re-stated in conformity with this principle. The plaintiff should be allowed interest only at the rate of seven per cent. per annum on all sums of money *actually* paid out and advanced by him from the date of advancement, except upon the mortgage of September 5th, 1859, for $200, which by its terms drew interest at the rate of twelve per cent. There should be a rest in the account and a balance struck as of December 27th, 1866, when the Shettler mortgage was paid. Up to that date the interest should be computed on all other sums advanced from the time of advancement at the rate of seven per cent., and on the $200 mortgage at the rate of twelve per cent., and from the sum total so found due, the payment received by plaintiff through the Shettler mortgage should be deducted, and upon the balance thus remaining the plaintiff should be allowed interest at seven per cent. to the date of judgment. The judgment should also provide for the payment of interest at like rate on the sum adjudged due by it to the day of redemption, within such reasonable time as shall be fixed for that purpose by the court. We observe also that in the judgment which was rendered it was provided that it should be without costs to either party. This was a reasonable and proper provision to make, and one which should again be made on the re-entry of judgment in pursuance of this opinion.

*By the Court.* — Judgment reversed and cause remanded, with

directions that the court proceed to re-examine and re-state the account in conformity with the views above expressed, and that judgment thereupon be rendered accordingly.