[No. 2142. Decided March 8, 1897.]

HERBERT C. WARD, *Appellant*, v. EDWARD HUGGINS, *Respondent*.

TAX DEEDS — LIMITATION ON ACTION TO SET ASIDE — EJECTMENT — TENDER OF TAXES PAID BY HOLDER OF TAX DEED.

The owner of lands sold for delinquent taxes in the year 1877, and upon which sale a tax deed was subsequently executed, cannot after the lapse of ten years from date of sale attack the invalidity of the tax deed, under Laws 1877, p. 169, § 51, which provides that "tax deeds shall run in the name of the Territory of Washington, and shall convey the premises in fee simple to the grantee, subject to be set aside only upon action brought in due form of law by the party or parties claiming under the original title within ten years from the date of the public sale at which it was sold," since the revenue law of 1879, in force at the time of execution of such deed, especially provided for the execution of tax deeds under the act of 1877 in case of sales made prior to the taking effect of the act of 1879.

Before the owner of land sold for delinquent taxes can set same aside he must pay or tender to the purchaser the taxes, penalties, interest and costs paid by him.

In an action of ejectment against one in possession of land as a purchaser at a tax sale the defendant is entitled to recover all taxes paid by him, with interest thereon.

Appeal from Superior Court, Pierce County.—Hon. MASON IRWIN, Judge. Affirmed.

*John M. Boyle*, and *M. Mulligan*, for appellant.

*John P. Judson*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This action was instituted to recover the possession, together with damages for the detention, of the north half of the northwest quarter of section 26 in township No. 19 north, of range No. 1, east of the Williamette meridian, containing eighty acres, situate in Pierce county. The complaint was filed on July 16, 1890, and alleges that on the 14th day of August, 1884, the plaintiff was, and ever since has been, and now is, the owner in fee simple, and lawfully entitled to the immediate possession of the premises described in the complaint; that the defendant during all of said time did, and now does, unlawfully and wrongfully withhold and detain said premises from the plaintiff, and that the reasonable rental value for the use and occupation thereof during the period aforesaid, and while the possession thereof was so wrongfully detained and withheld by the defendant from the plaintiff, is the sum of $40 per annum.

The answer of the defendant denies all the allegations of the complaint and alleges affirmatively that from November, 1871, to July, 1877, one John W. Brazee appeared by the records of Pierce county to be the owner of all the premises described in the complaint; that said premises were duly assessed to the said John W. Brazee for the year 1876 for territorial, school, county and road taxes; that the said taxes so assessed upon the said premises were not paid and that said lands and premises were duly returned in the delinquent list by the sheriff of said county as delinquent for said year; that thereafter, and on the 24th day of July, 1877, the sheriff of Pierce county duly sold the premises described in plaintiff's complaint for the delinquent taxes then due thereon to this de-

fendant, who then and there paid said taxes, costs and charges to the treasurer of said county, who thereupon made, executed and delivered to the defendant the usual certificate of purchase; that no redemption was ever made of said property so sold by the former owner or by the plaintiff; that said taxes assessed and levied upon said premises have never been paid except by the defendant, and that upon the 14th day of March, 1883, the treasurer of said county of Pierce duly executed and delivered to defendant a deed conveying to him all and singular the said premises; that the plaintiff's action is barred by the provisions of § 51 (67) of the act of the legislative assembly of the territory of Washington, entitled "An act to provide for the assessing and collecting of county and territorial revenue," approved November 9, 1877, and by § 2939 of the Code of 1881.

Plaintiff's reply is a general denial of the new matter set up in the answer as a defense to the action. The following facts, among others, are disclosed by the record: Upon November 27, 1871, the land in controversy was conveyed by one Young, who was the grantee of the United States, to John W. Brazee, who duly recorded his deed on November 29, 1871. On December 24, 1871, Brazee conveyed the land by deed to appellant, but the latter did not record his deed until October 31, 1883, nearly twelve years after he became the purchaser. In 1876 this land was assessed to said Brazee, the record owner, and on July 24, 1877, was sold to the respondent for the delinquent taxes for the year 1876, and the certificate of sale was delivered to respondent by the county treasurer. On March 14, 1883, this certificate was surrendered and the treasurer thereupon executed and delivered to respondent a deed to said premises, which deed was duly

recorded on March 26, 1883. The action was tried by
the court without a jury, and was dismissed by the
court on the ground that it was barred by the statute
of limitations, and judgment was thereupon rendered
in favor of the respondent for his costs.

This case was here once before and is reported in
7 Wash. 617 (32 Pac. 740, 1015) and the judgment of
the trial court was reversed on rehearing for the rea-
sons that some of the proceedings leading up to the
tax sale were not strictly in accordance with the stat-
ute, and that the limitation of actions for the recovery
of land sold for taxes, prescribed in § 2939 of the Code,
was not applicable to the case. Most of the questions
now presented for our consideration and decision were
determined on the former appeal, but there are some
propositions which are now urged in support of the
judgment, which were not then argued or relied on
by respondent, and consequently were not discussed
or considered in the former opinion of the court, the
principal one of which is that the action is barred by
§ 51 (67) of the act of November 9, 1877. Laws 1877,
p. 169.

It is true we said in our former opinion on rehear-
ing that there was no other limitation law in force at
the time this action was commenced except the gene-
ral law on that subject, and that was neither pleaded
nor relied on by the defendant, and the learned
counsel for appellant now contend that that declara-
tion completely refutes the present contention of the
respondent. But it must be remembered that when
the court remarked that there was no other limitation
law in force except the general statute of limitations,
it had in mind only that statute and § 2939 of the
Code. In fact, counsel for the respondent confidently,
if not wholly, relied on that section as sustaining the

judgment of the trial court, and the point now made by the respondent was not even mentioned in his brief, as an examination of it will show. It must therefore be deemed an undetermined one in this case, and will be considered accordingly.

In 1879 the legislature enacted a revenue law, which repealed the general law of 1877, and all other acts and parts of acts in conflict therewith, but it specially provided that "in case of tax deeds given for the redemption of certificates of purchase at tax sales prevously made, said deeds must be executed under the act of 1877." Laws 1879, p. 48, § 193. And it is claimed on behalf of the respondent that the provision in § 51 (67) of the act of 1877, under which his deed was executed, that such deeds "shall run in the name of the Territory of Washington, and shall convey the premises in fee simple to the grantee, subject to be set aside only upon action brought in due form of law by the party, or parties, claiming under the original title within ten years from the date of the public sale at which it was sold," etc., applies to his deed and rendered it unassailable by appellant, or any one claiming under him, after the lapse of ten years from the date of sale. This position is, we think, well taken, and must be sustained. The respondent's deed, having been legally executed under that section, was subject to be invalidated only within the time and in the manner therein specified. The appellant was, by the statute, given a reasonable time in which to assert his rights, and, to say the least, he was guilty of laches in not doing so within the time limited. The respondent has been in open and exclusive possession of the premises ever since the time of the sale, and has regularly paid the taxes assessed upon the same up to the time of the trial, a

period of some sixteen years.  On the other hand, all
that the appellant ever did, prior to the bringing of
this action, indicating that he claimed title to this
land, was to offer to redeem it from the tax sale, in
March, 1883, by paying to the county treasurer the
amount of the purchase price, taxes and interest up to
that time, which offer the treasurer refused to accept
for the reason that the time for redemption provided
by law had long since expired.  For more than seven
years after the respondent made this tender, he neg-
lected to institute proceedings for the recovery of this
land, and he did not, at the commencement of this
action, or even at the trial, pay, or offer to pay, or
tender, to respondent all or any of the taxes, penalties,
interest or costs paid by respondent at the tax sale, as
required by chapter 22 of the Laws of 1888 (2 Hill's
Code, §§ 676, 677 and 678).  And this is another reason
why the judgment of the court below should be affirmed.
The statute last above referred to is just and equitable
and was designed to meet precisely such cases as this.
It is argued, however, by counsel for appellant, that it
is not applicable in cases of ejectment, but in this we
think counsel are in error.  Although in form eject-
ment, this is in substance and in fact an action to re-
cover land sold for taxes, and it has been held by
courts elsewhere, and especially in Kansas, that a pur-
chaser at a tax sale is entitled in an action of eject-
ment to recover all taxes paid by him, together with
interest thereon.  *Coonradt v. Myers,* 31 Kan. 30
(2 Pac. 858); *Belz v. Bird,* 31 Kan. 139 (1 Pac. 246).

It is not necessary again to enter upon a discussion
of appellant's objections to the validity of respondent's
deed, or of the tax proceedings upon which it is
founded, for appellant is not now in a position to

avail himself of them, and what we have already said disposes of the case. The judgment is affirmed.

Scott, C. J., and Dunbar and Gordon, JJ., concur·