[No. 2961. Decided May 31, 1898.]

GILBERT F. BOGUE, *Appellant*, v. CITY OF SEATTLE AND WILL H. PARRY, as *City Comptroller, Respondents.*

CONSTITUTIONAL LAW — SUBJECT AND TITLE OF STATUTE — POWER TO ABOLISH OFFICE.

An act which repeals an act authorizing municipal courts, but makes provision for their continuance until a certain date, is not objectionable as embracing more than one subject, since the subject of the act is the abolishment of the office with a designation of the time when the act shall become effective; and the title, which declares that it is an act repealing the act establishing municipal courts and abolishing the courts and offices thereby created, is broad enough to cover the subject matter.

An act shortening a term of office, or abolishing an office, which had been created by the legislature, is not a violation of the constitutional provision that "the salary of any county, city, town or municipal officer shall not be increased or diminished after his election or during his term of office; nor shall the terms of any such officer be extended beyond the period for which he is elected or appointed."

Appeal from Superior Court, King County.—Hon. E. D. Benson, Judge. Affirmed.

*Ballinger, Ronald & Battle*, for appellant.

*W. E. Humphrey*, and *Edward Von Tobel*, for respondents.

Per Curiam.—Appellant instituted a mandamus proceeding to compel respondents to provide office quarters and permit him to exercise the functions of the office of judge of the municipal court of the city of Seattle. From the judgment of the Superior court which dismissed his application he has appealed.

The case involves the constitutionality of the legislative act of March 17, 1897, abolishing municipal courts. The first contention is that the act (Session Laws 1897, p. 331; Bal. Code, § 762a) contains a plurality of subjects and that the title is not broad enough to cover the matter contained in the proviso. The title of the act is:

" An act to repeal an act entitled ' An act creating and establishing municipal courts in cities of the state of Washington, having more than twenty thousand inhabitants, defining and prescribing their jurisdiction, regulating their practice and procedure and providing judges and clerks therefor, and declaring an emergency,' approved February 28, 1891, and all acts amendatory thereof, and abolishing the courts and offices thereby created."

The act itself contains but a single section, which repeals the act of February 28, 1891, but provides for the continuance of the courts created by the act until January 1, 1898.

We think that there is but one subject in the act, viz., the abolishment of municipal courts. It provides that they shall be abolished and designates the time when the act shall become effective. This cannot be considered a violation of § 19, art. 2 of the constitution, providing,

" No bill shall embrace more than one subject, and that shall be expressed in the title."

It is also urged that the act conflicts with § 8, art. 11 of the constitution, providing that,

" The salary of any county, city, town or municipal officer shall not be increased or diminished after his election or during his term of office; nor shall the term of any such officer be extended beyond the period for which he is elected or appointed."

Appellant concedes the general proposition that the legislature may at will abolish an office of its own creation, but he insists that by virtue of the foregoing constitutional provision the office, in so far as the duration of the term and salary attaching to it are concerned, is a constitutional office. We think the language of the constitution determines the question against appellant. While it provides that the salary shall not be increased or diminished during the term, and also that the term shall not be *extended* beyond the period for which the officer is elected, it nowhere provides that the official term shall not be shortened. The express mention which the constitution makes of the one subject renders its silence as to the other very significant, and inasmuch as the constitution has not forbidden the shortening of a term, it cannot be said that a legislative enactment which has that effect is against the constitution.

The judgment is affirmed.