[No. 3343. Decided May 14, 1900.]

CORNELIA E. MERRITT, *Respondent,* v. J. D. COREY *et ux.,* *Appellants.*

ACTION TO SET ASIDE TAX SALE—PLEADING—AMENDMENT—MATTERS ARISING SUBSEQUENT TO COMMENCEMENT OF ACTION.

In an action of ejectment against defendants who are in possession of the premises by virtue of a tax deed, plaintiff should allege in the complaint, under Bal. Code, §§ 5678-80, that all taxes, penalties, interest and costs paid by the purchaser at the tax sale, his assignees or grantees, have been fully paid or tendered prior to the commencement of the action; and a failure to pay or tender cannot be cured by tender and amendment of the complaint at the trial.

STATUTES—TITLE OF ACT.

The act of February 2, 1888 (Laws 1887-88, p. 43), entitled "An act concerning actions to enjoin collection of taxes, and actions for recovery of property sold for taxes," is not in violation of § 1924 of the organic act of the territory of Washington, which provided that "every law shall embrace but one object, and that shall be expressed in the title."

Appeal from Superior Court, King County. — Hon. WILLIAM HICKMAN MOORE, Judge. Reversed.

*Robinson & Rowell,* for appellants.

*Ballinger, Ronald & Battle,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an action of ejectment brought by the respondent against the appellants to recover pos-

session of certain real property. The respondent alleged, in substance, that she was the owner and entitled to the possession of the property, and that the same was wrongfully withheld by the appellants; following the usual form of complaint for the recovery of real property in actions of ejectment in this state. The appellants answered, denying the allegations of the complaint, and pleading as a further and separate defense that the lands in question had been duly assessed and sold for taxes, and that they were the owners, in possession, and entitled to possession, thereof, by virtue of a sale for such taxes, and that a tax deed had been issued to one J. L. Dana, and the property subsequently conveyed by Dana and wife to themselves. The respondent replied admitting the execution of the deed, and pleading affirmatively matters tending to show the invalidity of the title of appellants attempted to be created by the proceedings leading up to and resulting in the tax deed. On the issues thus formed a trial was had, by the consent of both parties, before the court without a jury, resulting in a judgment in favor of the respondent.

After the respondent had introduced her evidence of title and rested her case, the appellants moved to dismiss the action because it was not alleged in the complaint, nor shown by the evidence, that the respondent had paid or tendered to the appellants the taxes, penalties, interest, and costs paid by the appellants and their grantor in procuring the tax deed. Before the court ruled upon the motion, the respondent, as recited in the court's finding, "asked and was allowed to amend her pleadings, over the objection of the defendants, setting up and tendering the said sum of $75, which plaintiff alleged she believed to be ample to cover the amount paid by defendants, and offered and consented and expressed her readiness and willingness, in the event that said sum should be found or proven to be

inadequate, to pay defendants such other sum as should be necessary; and, upon proof by the defendant Corey of his having paid the sum of $455, . . . promptly tendered said amount in open court, with the avowal of her readiness and willingness to pay such further sum as may be taxed as interest;" whereupon the court overruled the motion. This ruling is assigned as error. The motion should have prevailed. By § 5678, Bal. Code, it is provided that no action shall be instituted for the recovery of property sold for taxes unless the person desiring to commence such action shall first pay or tender to the officer entitled to receive the same all taxes, penalties, interest, and costs justly due and unpaid from such person on the property sought to be recovered. By § 5679 it is provided that the complainant shall state in his complaint, when the action is for the recovery of land sold for taxes against the person in possession thereof, that all taxes, penalties, interest, and costs paid by the purchaser at the tax sale, his assignees or grantees, have been fully paid or tendered, and the payment refused; and, by § 5680, that the sections cited "shall be construed as imposing additional conditions upon . . . the complainant in actions for the recovery of property sold for taxes." By these provisions of the statute, a payment of the taxes, penalties, interest, and costs paid by a purchaser, or his assignor or grantor, for lands sold for taxes, or a tender of such payment, is made a condition precedent to the right to institute an action for the recovery of land so sold. It is doubtless true that if the tax itself were vicious, if it were a special and arbitrary exaction, which the state was without power to make, so that the legislature could not have validated it retrospectively by direct enactment, this could be shown in excuse of payment or tender; but where, as it appears here, the tax was a just charge against the land, and the

sale is sought to be set aside because of fatalities in the proceedings leading up to the sale, it is an equitable rule, and within the power of the legislature to require the amount paid to the state to be repaid or tendered to the purchaser as a prerequisite to the right to maintain the action. Nor can the failure to so pay or tender be cured by tender and amendment at the trial. It is a familiar rule that all the facts necessary to constitute a cause of action must exist at the time of the commencement of the action. If these be imperfectly pleaded, an amendment to correct the imperfection is generally properly allowed at any stage of the proceedings. But, when the facts necessary to constitute a cause of action do not exist at its commencement, facts arising subsequent to that time, although affording in themselves or with the facts previously existing a cause of action, cannot be inserted in the pleadings by amendment, and be made to relate back to the time the action was originally commenced. The question presented here is analogous to the question presented in that class of actions where a demand is a necessary prerequisite to the right to maintain the action. In such actions it is nowhere held that a demand can be made after action begun, and inserted in the pleading by amendment, so as to be made to relate back to the time of the commencement of the action.

It is contended by the respondent that these sections of the statute have no application to an action of ejectment. She argues that she could not be presumed to know upon what the appellants in possession based their right until informed thereof by their answer, and that she was in time when she met the contention after the answer set up the tax deed as a defense. It would seem, however, a sufficient answer to this to say that the statute cannot be avoided by the form of the action adopted to recover the

land. The statute applies to every case, and to every form of action, for the recovery of land sold for taxes, and it can make no difference to the plaintiff's right of action that the defendant in possession may rely on other defenses than that of the tax sale. Further, this point was expressly ruled against the respondent's contention by this court in *Ward v. Huggins,* 16 Wash. 530 (48 Pac. 240). In that case, speaking through ANDERS, J., the court said:

" The statute last above referred to [the statute in question] is just and equitable, and was designed to meet precisely such cases as this. It is argued, however, by counsel for appellant, that it is not applicable in cases of ejectment; but in this we think counsel are in error. Although in form ejectment, this is in substance and in fact an action to recover land sold for taxes."

The sections of the statute cited comprise the act of the territorial legislature of February 2, 1888. This act does not embrace more than one object, and is not in violation of the organic act of the territory of Washington. *Marston v. Humes,* 3 Wash. 267 (28 Pac. 520) ; *McMaster v. Advance Thresher Co.,* 10 Wash. 147 (38 Pac. 760) ; *Lancey v. King Co.,* 15 Wash. 9 (45 Pac. 645, 34 L. R. A. 817) ; *Bogue v. Seattle,* 19 Wash. 396 (53 Pac. 548).

The judgment of the lower court is reversed, and the cause remanded, with instructions to dismiss the action.

GORDON, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.