[No. 5454. Decided April 28, 1905.]

ELLA M. SHEPARD, *Appellant,* v. W. H. VINCENT *et al.,*
*Respondents.*[1]

MORTGAGES—ACTION TO REDEEM—DEFENSES—TAXES—OUTSTAND-
ING TAX TITLE ACQUIRED BY MORTGAGEE. A mortgagee in possession,
or one holding under an absolute deed intended as a mortgage,
cannot acquire an outstanding tax lien or title and hold the same
against the title of the mortgagor (except as a lien secured by the
mortgage, under 3 Bal. Code, § 1739); and hence, in an action by
the mortgagor to redeem from the mortgage, an answer setting
up a subsequent tax title, not denied by the plaintiff, is insufficient
to authorize a judgment of dismissal.

SAME—TAXATION—ACTIONS—TENDER OF TAX. An action by a
grantor in a deed to reform the same as a mortgage, and to re-
deem therefrom, brought against the grantee and successors in
interest, who had acquired a tax title since the date of the deed,
is not an action affecting the validity of a tax title, within Bal.
Code, § 5678, requiring the plaintiff to tender the amount of the
tax.

1Reported in 80 Pac. 777.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered September 10, 1904, in favor of the defendants, upon the pleadings and the opening statement of counsel, dismissing an action to reform a deed as a mortgage, and to redeem therefrom. Reversed.

*Byers & Byers,* for appellant.

*Brady & Gay,* for respondents.

CROW, J.—This action was commenced by appellant, Ella M. Shepard, against W. H. Vincent, S. Adelle Vincent, his wife, E. E. Williams and Sarah L. Williams, his wife, and O. B. Whitney and Alice Whitney, his wife, respondents, for the purpose of having a certain deed declared to be a mortgage, and securing a redemption therefrom. The complaint alleged that, at the time of its filing, and at all of the dates therein mentioned, appellant had been, and was, the owner in fee simple of lots 6, 7, and 8, in block 2, in Thomas' Addition to Mukilteo, as her separate property and estate; that on the 1st day of November, 1894, for the purpose of securing a certain promissory note, for the sum of one hundred dollars, made by D. B. Shepard, her husband, in favor of respondent W. H. Vincent, and for no other purpose, she executed and delivered to said W. H. Vincent an instrument in form a warranty deed, which was duly recorded, but that the same was intended to be, was understood by appellant and said Vincent to be, and was in fact a mortgage; that said W. H. Vincent and Adelle Vincent, his wife, by quit claim deed, on February 11, 1903, conveyed said real estate to the respondent E. E. Williams, who then knew said original deed to be a mortgage; that said W. H. Vincent

did afterwards, on May 23, 1903, by written contract, also agree to sell said real estate to respondent O. B. Whitney for the sum of $350, and that said Whitney then knew said original deed to be a mortgage; that, prior to the commencement of this action, appellant tendered to said W. H. Vincent and E. E. Williams the full amount due on said note, but that they refused to accept the same. Appellant, in her prayer for relief, asked that said original deed be declared a mortgage; that the amount due thereon be determined, and that, upon the payment thereof, respondents be required to reconvey said real estate to her.

Respondents O. B. Whitney and wife, answering separately, denied that said original deed was a mortgage, or that they had any knowledge that the same was a mortgage. By way of affirmative defense they alleged that they had purchased said real estate from the respondent W. H. Vincent, had made a partial payment thereon, and that, at the time of making said purchase, they had no knowledge of any claim of appellant, but were wholly ignorant thereof. Respondents Williams and wife and Vincent and wife also answered separately, and, after denying said deed was a mortgage, pleaded several affirmative defenses. The only defense to which attention will be called, however, is the first, in which it was alleged that the respondent E. E. Williams became the owner of said property by reason of a deed executed on the 11th day of February, 1903, by one W. P. Bell as trustee; that at said time said W. P. Bell, as trustee, was the owner in fee simple of said real estate, having purchased the same from Snohomish county; that on the 29th day of October, 1901, the county of Snohomish sold said property under a tax foreclosure proceeding for delinquent taxes for the years 1893, 1894, and 1895, and for subsequent taxes, amounting in all to

$63.78, and that said E. E. Williams and W. P. Bell had paid all subsequent taxes. The affirmative defenses set forth in the several answers were denied by appellant in her replies thereto.

Upon these issues, the case was called for trial. When appellant offered her first witness, counsel for respondents stated that, by reason of certain facts which existed and would not be denied by appellant, she would be prevented from recovering; that he therefore objected to the introduction of any testimony under the pleadings, and moved for a dismissal of the cause. The statement of counsel for respondents was in substance as follows: That said real estate had been sold to W. P. Bell, trustee, under tax foreclosure; that the respondent Williams claimed title under said tax deed and a deed from W. P. Bell, trustee, as set forth, in his answer, and that appellant, before commencing this action, did not pay or cause to be paid, nor did she tender to the officers entitled under the law to receive the same, the taxes, penalty, interest and costs due and unpaid upon the real estate now sought to be recovered. Counsel for appellant then stated, that the matter of a tax title was not material; that he did not intend to deny the existence thereof, nor did he intend to deny that no tender of the taxes had been made; that he did not consider any tender necessary; that in this case all questions centered about the one issue, as to whether or not the deed was to be declared a mortgage. Thereupon the court sustained the objection to the introduction of testimony, made findings of fact and conclusions of law, and entered judgment dismissing the action. From said final judgment, this appeal has been taken.

Appellant contends that the trial court committed error in refusing to allow her to introduce any evidence, or to

try out the issues of fact raised by the pleadings, all af-
firmative allegations of the several answers having been
denied. She also contends that the statements made by
her counsel did not in fact amount to an admission of the
existence of the tax deed, or of her failure to tender pay-
ment. Respondents contend that the judgment of the su-
perior court should be affirmed, this being an action for the
recovery of the possession of real estate which had been
sold under a tax foreclosure judgment; that respondents
Williams and wife were holding under said tax title; and
that, under the provisions of Bal. Code, § 5678, it was
necessary for appellant in her complaint to allege that,
prior to the commencement of this action, she had paid or
tendered payment of the delinquent taxes, penalty, interest,
and costs.

In support of this contention counsel for respondents
cite, *Ward v. Huggins,* 16 Wash. 530, 48 Pac. 240, and
*Merritt v. Corey,* 22 Wash. 444, 61 Pac. 171. In our
opinion, the doctrine announced in these two cases is a
correct interpretation and application of the provisions of
said section, and we do not wish to be understood as seek-
ing to modify the same in the least particular. In *Merritt
v. Corey, supra,* the action was in ejectment, and an in-
spection of the record shows that the clear purpose of the
plaintiff therein was to recover possession of real estate
involved, and to make a collateral attack upon the validity
of a tax title held by the defendants. We do not intend to
state, or even intimate that the rule laid down in *Ward v.
Huggins* and *Merritt v. Corey, supra,* can be applied only
to an action in ejectment, or to any other particular form
of action, either legal or equitable, attacking delinquent
tax foreclosures or seeking the recovery of property sold
for taxes. For reasons hereinafter stated, we think the

principles announced in said cases, with which we are in full accord, do not apply to this action, and that the trial court erred in rejecting the evidence offered, and in dismissing the action.

The deed executed by appellant was alleged to be in fact a mortgage. The principal issues involved in this case, and sought to be tried were: first, was the deed a mortgage? second, did respondents Williams and wife and Whitney and wife, at the time they acquired interests, know said deed to be a mortgage? and, third, what sum was still due, and necessary to be paid by appellant for the purpose of securing a redemption? If the deed was in fact a mortgage, and if, at the time the respondents Williams and Whitney obtained their interests, they knew such fact, the conveyances subsequently made to them were in equity an assignment of said mortgage, and they became mortgagees. If said deed was in fact a mortgage, and if respondents were at all times, or at any time, in possession thereunder, they became, while they severally held the record title, mortgagees in possession.

We understand it to be a well established principle in equity that a mortgagee, whether in possession or not, but especially one in possession, cannot acquire an outstanding tax lien, certificate, or title, and hold the same as against the title of his mortgagor. If a mortgagee pays delinquent taxes, purchases a delinquency certificate, or a tax title under foreclosure proceedings, he is presumed in equity, to have acquired the same for the purpose of protecting the title of his mortgagor, and preserving his own mortgage lien. He is then entitled to a lien on the realty under his mortgage, for all sums thus disbursed by him, together with interest. Under 3 Bal. Code, § 1739, a mortgagee has the right to pay delinquent taxes upon prop-

erty covered by his mortgage, and hold a lien for the same. In Jones, Mortgages (6th ed.), § 1134, we find the following doctrine announced:

"Under the provisions of the mortgage, the taxes, when paid by him, [the mortgagee] usually become a lien under the mortgage. But even when this is not the case, the payment being made to preserve the security, he is entitled to recover the amount paid, and may even have a preference to this extent over prior incumbrancers whose liens the payment has served to protect. . . . Inasmuch as the mortgagee has the right to pay the taxes in order to protect his mortgage, his purhcase at the tax sale must be regarded merely as such payment, and not as giving him title."

See, also, *Endress v. Shove,* 110 Wis. 133, 85 N. W. 653; *Fisk v. Brunette,* 30 Wis. 102; *Woodbury v. Swan,* 59 N. H. 22; *Ragor v. Lomax,* 22 Ill. App. 628; *Maxfield v. Willey,* 46 Mich. 252, 9 N. W. 271; *Stinson v. Connecticut Life Ins. Co.,* 174 Ill. 129, 51 N. E. 193, 66 Am. St. 262.

In *Woodbury v. Swan, supra,* the supreme court of New Hampshire, says:

"It is a general rule, founded on the requirements of good faith, that any one interested in land with others, all deriving their titles from a common source, cannot acquire an absolute title to the land by a tax deed, to the injury of the others. The payment of taxes by a mortgagee protects his interest, and for the protection of his interest he may acquire a tax title, but he cannot set up that title to defeat a prior mortgage."

In *Stinson v. Connecticut Life Ins. Co., supra,* the supreme court of Illinois, says:

". . . we think the clear weight of authority establishes the rule that a mortgagee, whether in or out of pos-

session, cannot acquire and set up a tax title in the mortgaged premises against the mortgagor."

Under the great weight of modern authority, we believe the correct equitable doctrine to be that, whether in or out of possession, a mortgagee holding an unsatisfied mortgage lien, cannot be permitted to purchase an outstanding tax title, and hold the same for the purpose of destroying the title of his mortgagor. By so doing he would hold the legal title to the property, which was originally conveyed to him as security, and also continue to hold against his mortgagor the unpaid note or indebtedness originally secured by said mortgage. His action in purchasing such outstanding tax title must, in equity, be considered a payment, discharge, or redemption by him of the tax lien, or title, and he will then be entitled to recover under his mortgage the full amount disbursed therefor, together with interest.

If in this action appellant fails to sustain the issue, tendered by her, that the deed was a mortgage, or fails to sustain the further issue that the respondents Williams and Whitney obtained their interests with full knowledge of that fact, then, without regard to the existence or nonexistence of a valid tax title held by the respondent Williams, she must fail to recover. In other words, the issue to be tried here is not the validity of the tax title. Appellant has not instituted any action or proceeding to enjoin the sale of the property for taxes, nor to enjoin the collection of said taxes, nor for the recovery of property sold for taxes, as contemplated in Bal. Code, § 5678. She has brought an action for the purpose of having her deed declared to be a mortgage, to ascertain the amount due, and to secure a redemption.

The superior court erred in sustaining the motion of re-

spondents, and dismissing the action. The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

MOUNT, C. J., DUNBAR, RUDKIN, and ROOT, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.