[No. 5859. Decided December 21, 1905.]

ELWOOD W. MOYER *et al., Appellants,* v. LOUIS FOSS *et al.,
Respondents.*[1]

TAXATION—PAYMENT OF PART BY TENANT IN COMMON—TAX SALE—
VALIDITY. Where a tenant in common, to whom the whole of certain
lands were assessed, pays one-half of the taxes, and there is noth-
ing on the record to show that he intended to pay only upon his
half, which had been partitioned to him, the statute authorizing half
payments in order to secure time on the balance, a sale of the whole
premises for the other half of the taxes, after delinquency, is not
void for want of a valid tax upon his interest; and failing to appear
and defend the tax foreclosure, he is estopped to raise objection that
the tax should have been adjudged to be a lien upon only the part of
the tract partitioned to his cotenant.

SAME—ACTION TO SET ASIDE SALE—TENDER OF TAX. An action
cannot be maintained by the owner of premises to set aside a tax
sale without first paying or tendering the amount of the tax, penal-
ties, and cost.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered June 9, 1905, upon findings in
favor of the defendants, after a trial on the merits, dis-
missing an action to quiet title to lands sold for taxes. Af-
firmed.

*Million & Houser* and *Dave Hammack,* for appellants.
*Smith & Brawley,* for respondents.

FULLERTON, J.—On August 4, 1891, one William Munks,
since deceased, held the legal title to certain lands situated
in Skagit county, and on that date platted the same into
lots and blocks, as "Munks' First Queen Anne Addition to
Anacortes." Prior thereto he had entered into a contract to
convey an undivided one-half interest in the land to the Se-
attle & Northern Railroad Company, and on August 10 of
the same month, as a compliance therewith, conveyed to that
company some eighty-three of the lots, being practically one-

1Reported in 83 Pac. 12.

half of the entire tract. The tract had theretofore been assessed for state, county, and municipal taxes for the year 1891, as the property of Munks, and was described on the assessment roll by legal subdivisions in accordance with the United States government surveys.

Later on, when the taxes matured, Munks paid to the county treasurer one-half of the amount assessed against the land. The remainder was suffered to become delinquent, and in due time a certificate of delinquency for the same was issued to the county of Skagit. The county foreclosed its certificate in 1903, and an undivided half of the property was sold in satisfaction of the amount due. At the sale the county itself became the purchaser, and later conveyed the interest so purchased to one Thomas Smith, who in turn conveyed to the respondents. Between the time of the assessment and the date of the sale thereunder, William Munks died, and the land was sold as a part' of his estate to the appellants. After the conveyance to the respondents, this action was instituted by the appellants to quiet their title. Issue was taken on the allegations of the complaint and a trial had, at which the foregoing facts were made to appear. It appeared, also, that the appellants did not tender, or offer to pay, to the respondents, prior to the commencement of the action, or at all, the taxes for which the land was sold. On this fact appearing, the trial court ruled that the appellants could not maintain their action, and refusing to pass on the question of the legality of the tax sale, entered a judgment dismissing the action. This appeal is from the judgment of dismissal.

In the argument, both in their brief and at the bar, counsel for the appellants concede that, if this is an action to recover land sold for taxes, the appellants must fail, for want of having made the required tender, but they contend that it is not such an action, because there was no tax due on the interest of the appellants in the land at the time of the purported foreclosure and sale for which the land could be sold. They argue that a tax lien is analagous to the lien of a mort-

gage, a mechanics' lien, or that of a judgment, and that, when such a lien is created upon an undivided interest of a tenant in common in land and the land is afterwards partitioned among the tenants, the lien at once attaches to the part assigned the tenant against whose undivided interest it was a charge, and is no longer a lien on any part of the segregated interests of his cotenants. Consequently, in this case, when the grantor of the appellants paid one-half the taxes on the tract in question, he paid the taxes upon his own interest, leaving the unpaid remainder a lien upon the undivided interest of the railroad company, and when the land was afterwards partitioned, the unpaid portion of the taxes attached to the tract assigned to the railroad company. And it is concluded therefrom that there was no tax due upon appellants' portion of the property when the foreclosure and sale were had, and that such sale is therefore necessarily void.

It is true that in this state it is provided by statute that, where a partition of real property is made between tenants in common through the instrumentality of the courts, in a proceeding to which lien holders are made parties, all liens which had theretofore attached to the undivided interest of one of the tenants should thereafter be a lien only on the share assigned to such tenants; and that this court, in *Port v. Parfit,* 4 Wash. 369, 30 Pac. 328, applied the rule to a case where the partition was voluntarily made between parties holding lands as tenants in common. But it is plain that neither the rule of the statute nor the rule of the cited case meet the conditions here. At the time the land was assessed, there was nothing on the record to show that the railroad company had any interest in it. The title stood in the name of William Munks. The statute then provided that an owner of land might pay one-half of the taxes on his land before a certain date and receive a rebate of a certain per cent on the amount thereof, and have a given time to pay the remainder without the imposition of a penalty. When, therefore, Munks paid one-half of the taxes on this land, he did

nothing more than the statute permitted him to do, and hence there was nothing on the record, or in the acts of Munks, to charge the officers of the county with notice that Munks' interest in the property was different from what it appeared to be, namely, the entire interest, and they were justified in treating it as such. The sale, for this reason, was not void for want of a valid tax against Munks' interest. It may have been the right of the holder of the interest to come into the foreclosure proceeding and ask to have the unpaid portion of the tax adjudged to be a lien upon that part of the tract conveyed to the tenant in common on the partition of the property, but this is the extent of the right. On the face of the record, the tax was one for which the land sold was apparently bound. In such a case, the inquiry whether it is in fact bound must be raised in the foreclosure proceedings, else the party is estopped by the judgment of foreclosure from questioning the fact. *Smith v. Newell,* 32 Wash. 369, 73 Pac. 369; *Jefferson County v. Trumbull,* 34 Wash. 276, 75 Pac. 876; *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267.

Inasmuch, therefore, as it is not made to appear that the tax was void on its face, the appellants cannot maintain an action to recover the land sold to satisfy the tax without first paying or tendering to the person claiming under the tax title the amount of the tax with interest, penalties and costs, for which the land was sold. Bal. Code, §§ 5678-5680; *Ward v. Huggins,* 16 Wash. 530, 48 Pac. 240; *Merrit v. Corey,* 22 Wash. 444, 61 Pac. 171; *Denman v. Steinbach,* 29 Wash. 179, 69 Pac. 751.

The judgment will stand affirmed.

MOUNT, C. J., HADLEY, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.