[No. 5929. Decided March 7, 1906.]

FRANK MOYNAHAN, *Relator, Plaintiff,* v. THE SUPERIOR
COURT FOR SPOKANE COUNTY, *Respondent.*[1]

EMINENT DOMAIN—NOTICE OF PROCEEDINGS—AFFIDAVIT FOR PUBLI-
CATION. Under Bal. Code, § 5638, the affidavit, authorizing publica-
tion of notice to an owner whose residence is unknown, in proceed-
ings for the condemnation of land, to be made by the agent or at-
torney of the corporation, need only shown that the residence of such
owner is unknown to, or cannot be ascertained by, the "Deponent,"
and need not show that the same was unknown to the petitioner or
any of its agents, officers or servants.

SAME—MOTION TO QUASH—RESIDENCE UNKNOWN—EVIDENCE—SUF-
FICIENCY. A motion to quash a service by publication, in condemna-
tion proceedings, on the ground that the defendant's residence was
known or could have been ascertained, is properly denied where it
appears that diligent effort was made to ascertain the same, and that
his house on the premises was boarded up, and none of his neigh-
bors knew his actual residence.

Certiorari to review a judgment of the superior court for
Spokane county, Huneke, J., entered September 28, 1905,
adjudging a public use and public necessity for the condemna-
tion of lands for a railroad, upon the default of the defendant.
Affirmed.

*Patrick C. Shine, Thomas M. Vance,* and *Richardson,
Roche & Onstine,* for relator.

*Graves & Graves* and *B. H. Kizer,* for respondent.

MOUNT, C. J.—This is a proceeding by writ of review,
issued out of this court, upon the application of petitioner to
review an order of the superior court of Spokane county, in
an action to condemn certain lands for a right of way for
railway purposes. The order sought to be reviewed is one
adjudging the contemplated use of the lands a public use,
and that the public interest requires the prosecution of the
enterprise. Several errors are alleged, but the principal one

1Reported in 84 Pac. 655.

necessary for us to determine at this time is whether the court had jurisdiction to make the order.

The return of the writ shows that on July 15, 1905, the Spokane and Inland Railway Company, a corporation, commenced condemnation proceedings in the superior court of Spokane county, against relator and his alleged wife, to condemn a strip of land two hundred feet in width across the lands of the relator. On July 25, of the same year, B. H. Kizer, one of the attorneys for the railway company, made and filed an affidavit, averring that the residence of the Moynahans was unknown and, after diligent search and inquiry, could not be discovered. On July 27, 1905, the sheriff of Spokane county filed a return, attached to a notice as required by law, showing that he had received the notice on the 14th of July, 1905, for service upon the defendants, and after diligent search and inquiry he was unable to find the defendants, or either of them, in Spokane county; whereupon a copy of the notice was duly published as required by law. Afterwards, on August 9, 1905, proof of publication of the notice was filed.

On August 16, 1905, which was the date fixed in the notice for a hearing on the question of the public use and necessity for the land sought, the hearing was adjourned to August 26, 1905, and on that date, defendants not appearing, the court found that all the parties interested in the land had been duly served with notice, and adjudged a public use and the necessity for the taking, and set the hearing on the question of damages for September 20, 1905. On that day the relator appeared specially, and moved the court to quash the notice, upon the ground that the service was insufficient, and recited in his motion: "If the above motion is denied, then defendant moves the court for a continuance of said cause for a reasonable time to prepare for his defense." This motion was heard by the court upon the day it was filed. Affidavits were filed by both sides to the controversy, and

oral evidence was taken. After the hearing the court denied the motion to quash, but granted a continuance upon the question of the amount of damages, until September 26, 1905. Defendants then demanded a jury, which was denied. The cause was thereupon tried to the court upon the question of damages, both sides appearing and submitting evidence. The court made the award of damages and upon payment, a judgment of appropriation was entered. This writ was thereupon sued out to review the question of the jurisdiction of the court to make an order adjudging the use a public use.

The statute relating to service of notice is found in Bal. Code, § 5638, which provides:

"In all cases where the owner or person claiming an interest in such real or other property is a non-resident of this state, or where the residence of such owner or person is unknown, and an affidavit of the agent or attorney of the corporation shall be filed that such owner or person is a nonresident of this state, or that, after diligent inquiry, his residence is unknown, or cannot be ascertained by such deponent, service may be made by publication. . . . And such publication shall be deemed service upon each of such nonresident person or persons whose residence is unknown."

The return of the sheriff, and also the affidavit of the attorney, shows that extraordinary efforts were made to find the relator personally, and that inquiries had been made of neighbors and persons likely to know where he was and where he resided; but without success. Relator does not contend that the affidavit of the attorney does not strictly follow the statute, but he argues that the affidavit must show that the residence is unknown, not only to the attorney or deponent, but also to the party making the application for service; and in cases of corporations which acquire knowledge through agents, it must appear that the residence is unknown and cannot be discovered by any of the agents, officers, or servants of said corporation.

We cannot give such construction to the statute. In the first place, it permits an attorney to make the affidavit, and

only requires that he shall state that, after diligent inquiry, the residence is unknown to him, or cannot be ascertained by him. The words "by such deponent" refer both to the fact of unknown residence and to the fact that the residence cannot be ascertained. In the next place, the construction contended for by the relator would render the statute practically useless, because corporations usually have a large number of officers, agents and employees, and one agent or attorney could not swear that persons unknown to him had no knowledge of the residence of certain defendants. Unless the statute clearly required such unreasonable things, it would not be so construed.

On the facts shown at the hearing to quash the service of notice, we are clear that the court was right in denying the motion. The relator had a house upon the land, but the doors and windows were securely fastened, the windows being covered over with boards. He was away and had not been seen there for many months, and none of his neighbors or acquaintances knew anything about him or where he actually resided. It developed in the course of the proceedings that the relator was an unmarried man, and no one but himself was interested in the land. The relator himself does not state that he made the house his actual residence at the time or subsequent to the commencement of the action, and the inference from his own affidavit is that he had not done so for many months prior thereto.

We are satisfied that the court had jurisdiction to make the order complained of, and also that there is no error in the record. The order is therefore affirmed.

CROW, HADLEY, FULLERTON, RUDKIN, and ROOT, JJ., concur.