[No. 6107. Decided August 22, 1906.]

MRS. A. KAHN, *Respondent,* v. J. G. THORPE, *Appellant,*
S. M. BLUMAUER *et al., Respondents.*[1]

TAXATION—SALE—REDEMPTION. The statute does not permit a re-
demption from delinquent foreclosure sales after a deed is issued.

TAXATION—ACTION TO RECOVER LAND SOLD—PLEADING—COMPLAINT
—SUFFICIENCY. Where an action, in form a petition to vacate a
judgment, is clearly one to remove a cloud from the title and to
recover possession of lands sold for taxes, a demurrer to the com-
plaint is properly sustained, where it is not shown that the lands
were not taxable, or that the taxes were not due, or that the taxes,
penalty and costs paid by the purchaser at the tax sale had been
repaid or tendered; and this whether the action is in ejectment or
to remove a cloud from the title.

TAXATION—EXCESSIVE TAX—OBJECTIONS—ESTOPPEL. Where a tax
payer had made no objection to a tax for six years, he cannot claim
that the taxes are excessive because personal property was assessed
at only fifty per cent of its value while the real estate was assessed
in excess of its value.

TAXATION—SALE—VACATION—TENDER OF TAX. In a proceeding to
vacate a tax judgment and sale where the land was subject to some
taxes, the petitioner must allege the amount admitted to be due and
a tender of the amount.

[1]Reported in 86 Pac. 855.

SAME—VACATION OF SALE—GROUNDS.  The failure of an agent to pay the taxes of his nonresident principal is not a sufficient ground for setting aside a tax judgment and sale.

SAME—FORECLOSURE—SUMMONS FOR PUBLICATION—NAME OF OWNER. In a tax lien foreclosure, a summons for publication directed to "J. G. Thorpe" is sufficient where "Joseph G. Thorpe" was the nonresident owner to whom the land was assessed, and who was commonly known by the name of "J. G. Thorpe."

SAME — AFFIDAVIT — NONRESIDENCE — NOTICE TO PUT ON INQUIRY. Under the statute requiring an affidavit for the publication of a summons in a tax foreclosure to the effect that the residence of the defendant is not known to the affiant, a tax judgment and sale will not be set aside where the affidavit follows the statute, because of the fact that the record of the owner's deed, filed five years before, gave the owner's address, no statute requiring such address to be given in the record.

TAXATION—JUDGMENT—DEFECTS—VACATION—TENDER OF TAX.   A defect in a tax judgment and sale in that it included an unwarranted charge of $5 for an attorney's fee, cannot be taken advantage of until the amount justly due is tendered and the tender pleaded.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered December 18, 1905, dismissing the action upon sustaining demurrers to a petition to vacate a tax sale and to redeem from the tax judgment. Affirmed.

*B. F. Heuston* and *T. W. Hammond,* for appellant, contended, *inter alia,* that the summons to J. G. Thorpe was insufficient, where the rolls showed the owner to be Joseph G. Thorpe. *Anderson v. Turati,* 39 Wash. 155, 81 Pac. 557; *Skelton v. Sackett,* 91 Mo. 377, 3 S. W. 874; *Riffle v. Land Co.,* 93 Mo. App. 41; *Spore v. Ozark Land Co.* (Mo.), 85 S. W. 556; *Gardner v. McClure,* 6 Minn. 250; *Knox v. Starks,* 4 Minn. 20; *Fisher v. Northrup,* 79 Mich. 287, 44 N. W. 610; *Vickery v. Burton,* 6 N. D. 245, 69 N. W. 193; *Turner v. Gregory,* 151 Mo. 100, 52 S. W. 234.  The affidavit was fraudulent, since reasonable diligence would have ascertained her address. *Nations v. Johnson,* 24 How. 195, 16 L. Ed. 628; *Batt v. Proctor,* 45 Fed. 515; *McDonald v. McDonald,* 34 Wash. 293, 75 Pac. 865; *Caswell v. Caswell,* 10 Ill. 377, 11 N. E. 342; *Edson v. Edson,* 108 Mass. 590,

11 Am. Rep. 393. The sale at least, was void because of failure to comply with the provisions of the statute. *Stead's Executors v. Course,* 4 Cranch 402, 2 L. Ed. 660; *French v. Edwards,* 13 Wall. 506, 20 L. Ed. 702; *Cane v. Herndon,* 107 La. Ann. 591, 32 South. 33; *Commercial Bank of Augusta v. Sandford,* 103 Fed. 98; *Richcreek v. Russell,* 34 Ind. App. 217, 72 N. E. 617; *Mixon v. Stanley,* 100 Ga. 372, 28 S. E. 440; *Gregory v. Brogan,* 74 Miss. 694, 21 South. 521; *Hewell v. Lane,* 53 Cal. 213; *Reynolds v. Lincoln,* 71 Cal. 183, 12 Pac. 449; *Whitmore v. Learned,* 70 Me. 276; *Margraff v. Cunningham's Heirs,* 57 Md. 585; *Crowell v. Goodwin,* 3 Allen 535; *Lockwood v. Roys,* 11 Wash. 697, 40 Pac. 346.

*Vance & Mitchell,* for respondents.

Mount, C. J.—The defendant Thorpe filed a petition, in the court below, to vacate a tax judgment and sale, and for leave to appear in the tax foreclosure action and redeem or defend therein. Respondents filed separate demurrers to the petition, which demurrers were sustained by the court. The petitioner appeals.

The petition was filed in the action to foreclose delinquent tax certificates. It sets out the allegations of the complaint in that action, and then alleges, in substance, that the plaintiff caused a summons to be placed in the hands of the sheriff, who made a return that the defendant could not be found; that thereupon one of the plaintiff's attorneys made and filed an affidavit stating that he believed the defendant is a nonresident of the state and cannot be found therein, and that the residence of the said defendant is unknown. The petition then alleges that such affidavit was false, because the deed by which the petitioner acquired the property was of record in the county where the action was brought, and such deed showed upon its face the residence of the petitioner; that if the affiant did not actually know the petitioner's residence, he should have known it. The petition further alleges that

no copy of the summons and complaint was mailed to the defendant, or served upon him except by publication, and that the defendant had no notice of the proceeding until after the judgment foreclosing the lien had been entered; that on December 8, 1904, a default judgment was entered against the property for taxes, penalty and costs, amounting to $103.79, and an order of sale issued; that the said judgment contained an item of $5 taxed as attorney's fees which was wholly unauthorized; that on December 24, 1904, in consideration of $103.79, the county treasurer executed and delivered to one S. M. Blumauer a tax deed to the premises, and that said Blumauer, by virtue of such deed, now claims to own such property; that prior to the date of the deed the petitioner did not know that any taxes were due against the lands, or that a certificate of delinquency had been issued, or that any action had been commenced against the property to foreclose any lien for taxes, and that petitioner had been the owner of the property since the year 1899; that during the year 1899, and all the time since, he has owned other lands in the same section, but that he has resided in the state of Massachusetts, and depended upon agents, residing within the state of Washington to pay taxes upon the property, and has furnished money for that purpose; but that such agents, through mistake, overlooked this tract of land and failed to report that no taxes had been paid thereon until the same was called to petitioner's attention after the tax sale.

The petition avers that the judgment was obtained by fraud, because of the affidavit of the attorney stating that he did not know the address of plaintiff, whereas he should have known it, and because the land was assessed on the rolls to Joseph G. Thorpe and the certificate was foreclosed against petitioner under the name of J. G. Thorpe; that the judgment was erroneous because it included $5 attorney's fees, taxed as costs; that the petitioner has a good defense to the action, because he avers that during the year 1899 and sub-

sequent years all the real estate in the county was assessed
at only fifty per cent of its value, whereby the petitioner's
real estate was charged with more than its just proportion
of taxes; that the sale of petitioner's lands and the deed to
Blumauer were void, because the court was without juris-
diction of the person of the petitioner or the subject-matter
of the action, because at the time of sale the county treasurer
did not offer for sale a less quantity than the whole, while
each quarter of the land was worth $400, and the whole was
worth $1,600, and because the judgment was $5 in excess
of what it should have been. The petition avers that S. M.
Blumauer, above referred to, was the agent of the plaintiff
at the time of the sale, and as such agent bid in the land and
received the deed therefor. Then follows the prayer, (1)
that said Blumauer and wife be made parties; (2) that the
judgment be vacated; (3) that the petitioner be allowed to
answer and defend; (4) that the sale of the property and the
deed be declared void; (5) "that in case his said defense
shall not be sustained by the court, he be allowed to pay into
court for the use of whomsoever the court shall adjudge to be
entitled thereto, such sum or amount as shall be found to be
due to plaintiff in order to redeem his said property from
the lien of said certificate of delinquency and of any taxes,
penalties, interests and costs in the premises," and (6) "that
in case his said defense shall be sustained, the court ascer-
tain and adjudge the fair amount to be charged against said
property as its just proportion of the taxes of the county,
and that your petitioner be allowed to pay such amount into
the court for the use of whomsoever the court may adjudge
to be entitled thereto."

While this action is in form a petition to vacate a judg-
ment and for leave to defend, it is, in substance, clearly one
to remove a cloud from the title to real estate and to recover
possession of land sold for taxes, or one to redeem from a
tax sale. The statute does not permit a redemption from
delinquent tax foreclosure sales after a deed has been issued.

Bal. Code, § 1755; *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50. Hence the action cannot be maintained for that purpose. The petition does not aver that the lands were not taxable, or that the taxes have been paid. Nor does it show the amount of the taxes which are justly due. And there is no allegation that the taxes, penalty, interest and costs paid by the purchaser at the tax sale had been fully paid or tendered and payment refused. By Bal. Code, § 5678 (P. C. § 8733), it is provided that no action shall be instituted for the recovery of property sold for taxes unless the person desiring to commence such action shall first pay or tender to the officer entitled to receive the same, all taxes, penalties, interest and costs due and unpaid from such person on the property sought to be recovered. By Bal. Code, § 5679 (P. C. § 8734), it is provided that the complainant shall state in his complaint, when the action is for the recovery of lands sold for taxes against the person in possession thereof, that all taxes, penalty, interest and costs paid by the purchaser at the tax sale, his assignees or grantees, have been fully paid, or tendered, and the payment refused; and by Bal. Code, § 5680 (P. C. § 8735), that the above sections shall be construed as imposing additional conditions upon the complainant in actions for the recovery of property sold for taxes.

We have heretofore held that the provisions of these sections apply to actions in ejectment where the property was sold for taxes. *Merritt v. Corey,* 22 Wash. 444, 61 Pac. 171; *Rowland v. Eskeland,* 40 Wash. 253, 82 Pac. 599. We have also held that the provisions of these sections apply to actions to remove a cloud and quiet title. *Denman v. Steinbach,* 29 Wash. 179, 69 Pac. 751; *McManus v. Morgan,* 38 Wash. 528, 80 Pac. 786; *Moyer v. Foss,* 41 Wash. 130, 83 Pac. 12.

If this is an action to recover property, or one in ejectment, or to remove a cloud where the property has been sold for taxes, the demurrer was properly sustained under the de-

cisions above referred to. However, conceding that appellant's contention is correct, that this is in no sense an action, but is a substitute for an ordinary motion for leave to defend in the original action, under the provisions of Bal. Code, § 4880 ( P. C. § 388), then the petitioner could only be allowed to defend on sufficient cause being shown. In the petition one cause sought to be shown is that the petitioner has a partial defense, to the effect that all lands in the county were assessed at their full value, while personal property was assessed at only fifty per cent of its value, and thereby an excessive tax has been levied upon petitioner's real estate. This defense cannot avail petitioner at this time, because he has slept upon his rights for six years without making any objection on that account. But if these facts could be held to be a partial defense, the lands were subject to some taxes, and petitioner was in duty bound to allege the amount which he admitted to be due and make a tender of such amount, penalty and interest. This has not been done.

Another cause shown is that petitioner relied upon his agent to keep his taxes paid, and the agent failed to do so. We have held in a number of cases that this is not sufficient. *Swanson v. Hoyle,* 32 Wash. 169, 72 Pac. 1011; *Whitney v. Knowlton,* 33 Wash. 319, 74 Pac. 469; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Warner v. Miner,* 41 Wash. 98, 82 Pac. 1033.

Other reasons alleged in the petition go to the jurisdiction of the court to render the judgment. We held in *Stoll v. Griffith,* 41 Wash. 37, 82 Pac. 1025, that where land was assessed to E. Coulon and the published summons ran to Emil Coulon, such description was sufficient where it appeared that Emil Coulon was the owner of the land. We based our holding upon the theory that these proceedings are *in rem* against the land, and not against the person of the owner. It appears throughout the record before us that Joseph G. Thorpe is commonly known by the name of "J. G.

Thorpe." He was a nonresident and the owner of land. Under such circumstances the summons was sufficient.

As to the affidavit for publication of the summons, the attorney followed the statute strictly. It is alleged that the affiant should have known the address of the defendant by reason of the fact that the deed by which defendant acquired the land contained his address. This deed was filed some five years before the foreclosure action was begun. Deeds in this state are not required to give the address of the grantee therein, and it is not usual to find the address of the grantee in a deed. Even if the address was given in the deed five years before, and the attorney knew that fact, it does not follow that the plaintiff or her attorney knew defendant's address at the time the affidavit was made. The statute does not provide that the summons shall be sent to the last known address, but it provides that if the plaintiff, his agent or attorney, states in the affidavit that the residence is not known to the affiant, then the summons need not be mailed to the defendant. Bal. Code, § 4877 (P. C. § 335). The affidavit was therefore sufficient. *Warner v. Miner, supra; Moynahan v. Superior Court,* 42 Wash. 172, 84 Pac. 655.

We are of the opinion that the objections to the jurisdiction of the court are without merit. As to questions relating to defects in the judgment and sale of the property, before these questions can be raised appellant was required by the terms of the statute to tender the amount justly due and plead such tender. Petitioner not having done so, the lower court was not required to vacate the judgment or set aside the sale.

The demurrers were properly sustained, and the judgment is therefore affirmed.

Root, Crow, Dunbar, and Fullerton, JJ., concur.