[No. 7929. Department One. October 4, 1909.]

ALBERT THOMPSON *et al., Respondents*, v. CARRIE E. EMERSON *et al., Appellants.*[1]

TAXATION—RECOVERY OF LAND SOLD FOR TAXES—TENDER OF TAX. Under Bal. Code, §§ 5678, 5679, a tender of the tax is a condition precedent which must be pleaded and proved in an action to recover land sold for taxes.

APPEAL—REVIEW—FINDINGS IN EQUITY—NECESSITY—TAXATION— RECOVERY OF LAND. Findings of fact not being necessary in equity, the omission to find a precedent tender of taxes paid does not vitiate a decree for the recovery of land sold for taxes.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 13, 1908, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to vacate a tax. deed and to quiet title. Affirmed.

*Fred H. Peterson* and *Philip D. Macbride*, for appellants.

*S. S. Langland*, for respondents.

[1]Reported in 104 Pac. 201.

FULLERTON, J.—The respondents brought this action against the appellants to set aside a tax deed, quiet title to, and recover possession of, certain real property situated in King county. In their complaint, after alleging title and right of possession in themselves, they alleged, that the appellants had purchased the property at a tax sale, and had entered into possession under the title so acquired, and had subsequently paid certain taxes on the property, the precise amount of which they could not ascertain, although inquiry had been made of the appellants for the purpose of ascertaining the amount; that as nearly as they were able to compute the amount, it did not exceed thirty dollars, and this sum they had tendered to the appellants prior to the commencement of the action. The allegations of the complaint were denied by the appellants in their answer. A trial was had in which the court made findings of fact and conclusions of law, on which a decree was entered setting aside the tax sale and awarding the possession of the property to the respondents on certain conditions, one of which was that the respondents pay to the appellants $78.82, paid by the appellants as taxes on the property.

The court did not make any findings on the issue of tender—failing to find whether or not, prior to the commencement of the action, the respondents had tendered to the appellants the amount of taxes they had paid on the property. The evidence on which the findings and decree are based are not in the record brought to this court; the appellants basing their claim of error on the contention that these findings of fact did not justify either the conclusion of law drawn therefrom or the decree entered by the trial court.

The appellants rely for reversal on the fact that there is no finding of tender to the appellants of the taxes paid by them prior to the commencement of the action. That such a tender is a prerequisite to the right to maintain an action to recover land sold for taxes, and that it must be pleaded and proven as a precedent condition to the right to recover,

must be conceded. It is so provided by statute, and has been asserted to be the rule by this court in a long line of cases. Bal. Code, §§ 5678, 5679 (P. C. §§ 8733, 8734); *Merritt v. Corey*, 22 Wash. 444, 61 Pac. 171; *Rowland v. Eskeland*, 40 Wash. 253, 82 Pac. 599; *Moyer v. Foss*, 41 Wash. 130, 83 Pac. 12; *Kahn v. Thorpe*, 43 Wash. 463, 86 Pac. 855; *Ontario Land Co. v. Yordy*, 44 Wash. 239, 87 Pac. 257.

It must be conceded also that the findings are defective in the respect complained of. But it does not follow from this that the decree is void because of this defect. In an action of equitable cognizance, such as this one, there is a wide difference between the omission to find that an essential element governing the right to recover existed, and an affirmative finding that it does not exist. Since no formal findings of fact are necessary to support a decree in equity, it must follow that merely defective or incomplete findings will not render a decree invalid; for surely if the decree is valid without any findings at all, it cannot be in a worse position simply because it is accompanied by defective or incomplete findings. A decree without findings, or defective or incomplete findings, is sustained on the principle that the proceedings of courts of superior and general jurisdiction are presumed to be regular. In other words, error must appear affirmatively; it is not presumed from any mere defect or omission in matters that are not essential to be shown in order to constitute a valid record. So in the case before us, since it was not necessary that there be findings to support the decree, incomplete or defective findings will not invalidate it. The court will presume, in order to sustain the decree, that it was warranted by the evidence. Had the findings shown affirmatively that no tender had been made, a different question would have been presented; there would then have been no room for the presumption of regularity, and the decree would have been reviewed for error. But such a result does not follow from an omission in the findings. This question was before the court in *Gould v. Austin*, 52 Wash. 457, 100

Pac. 1029, and in *Clambey v. Copland*, 52 Wash. 580, 100 Pac. 1031, and was in each of them decided in accordance with our present holding.

The decree is affirmed.

RUDKIN, C. J., GOSE, CHADWICK, and MORRIS, JJ., concur.