STEPHEN H. CORNELL, Respondent, v. EZRA WOODRUFF, Impleaded, etc., Appellant.

In the absence of any special covenant to that effect, a mortgage imposes no duty upon the mortgagee to protect the interests of the mortgagor; and the former is not prohibted from acquiring an adverse claim to or lien upon the mortgaged premises, and from enforcing it with the same effect as a stranger might.

By a judgment in a foreclosure suit and by the terms of sale, all liens upon the premises for taxes and assessments were to be deducted from the proceeds of sale. The plaintiff became the purchaser. The premises were situate in the city of Brooklyn, and at the time of sale there were several years' municipal taxes in arrears, for which the mortgaged premises had been sold. Certificates of sale had been issued, which were held by plaintiff. No lease had been executed. After the foreclosure sale, plaintiff caused to be deposited in the proper office the amount necessary to redeem the premises from the tax sales, and furnished to the sheriff the certificate of deposit and redemption, the amount of which he deducted from the purchase-money, as liens for taxes, and reported a deficiency against the mortgagor. *Held*, no error;

that the certificates of sale were liens to the amount necessary to redeem, *i. e.*, the amount of taxes, expenses of sale and interest at the rate allowed by law upon such sales ; and that the right to allow and to deduct from the proceeds of sale the amount so necessary to redeem, was not affected by the fact that plaintiff himself held the certificates. *Dale* v. *McEvers* (2 Cow., 118), distinguished

(Argued January 28, 1879 ; decided May 20, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term which overruled exceptions to a sheriff's report of sale herein, confirmed the report, and denied motion to vacate a judgment for deficiency.

This action was for the foreclosure of a mortgage executed by defendant, Woodruff, upon certain premises situate in the city of Brooklyn. The plaintiff became the purchaser. The sheriff's report showed that he deducted from the proceeds of sale the sum of $3,245.67 for liens for taxes. This left a deficiency of $1,536.35, and a judgment for that sum was entered against Woodruff.

The facts as to the deduction are set forth sufficiently in the opinion.

*George C. Lay, Jr.*, for appellant. A mortgagee purchasing a tax title at a corporation sale for unpaid taxes upon the property covered by the mortgage has no right to charge the amount paid against the mortgagor. (*Dale* v. *McEvers*, 2 Cow., 118; *Williams* v. *Townsend*, 31 N. Y., 411.) To recover back a sum so paid the mortgagee should have set it up in his complaint. (*Simonson* v. *Blake*, 12 Abb. Pr., 331; 1 R. S. [Banks' 6th ed.], 968, §§ 120–123; *Roosevelt Hospital* v. *Doorley*, N. Y. Daily Register, Nov. 18, 1878; *Faure* v. *Winans*, Hopkins, 483; *Silver Lake Bank* v. *North*, 4 J. Ch., 370; *Burr* v. *Veeder*, 3 Wend., 412; *Rapelye* v. *Prince*, 4 Hill, 119; *Kortright* v. *Cady*, 23 Barb., 491; *Robinson* v. *Ryan*, 25 N. Y., 320; *Brevoort* v. *Randolph*, 7 How. Pr., 398; *Wooley* v. *Drag*, 2 Anstruther, 521; *Catlin* v. *Grissler*, 57 N. Y., 364.)

*Philip S. Crooke*, for respondent. The direction in the judgment to deduct from the proceeds of sale any lien on the premises for taxes and assessments was correct. (*Easton* v. *Pickersgill*, 55 N. Y., 310; 57 id., 364.) A mortgagee who purchases at a tax sale and takes a certificate as purchaser has all the rights and incidents which the law attaches to it. (*Williams* v. *Townsend*, 31 N. Y., 414.)

RAPALLO, J. The decree of sale directed the deduction from the proceeds, of any lien or liens upon the premises sold, for taxes or assessments, and the terms of sale provided that all taxes and assessments which at the time of sale should be incumbrances upon the premises would be allowed by the sheriff out of the purchase-money. These provisions were in conformity with the usual practice. The purchaser at the sale was entitled to a clear title.

The plaintiff was authorized by the decree to become purchaser at the sale, and he was entitled to the benefit of these provisions, in like manner as any other purchaser.

At the time of the sale there were several years taxes in arrear, for which the premises had been sold, but no lease had been given. Certificates of the sale had been issued and were held by the plaintiff, some of them having been issued to him as purchaser at the tax sales and others as assignee of the purchasers. After the foreclosure sale the plaintiff caused to be deposited in the office of the register of arrears the amount necessary to redeem the property from these tax sales and produced to the sheriff the certificates of deposit and redemption, the amount of which the sheriff deducted from the purchase-money, as liens for taxes, and reported a deficiency against the appellant. The question on this appeal is whether this deduction was properly allowed by the sheriff.

The certificates of sales for taxes were liens upon the premises to the amount of the taxes, expenses of sale and interest at the rate allowed by law, on such sales. Until the time for redemption expired and a lease should be executed

the lien continued. (*Williams* v. *Townsend*, 31 N. Y., 411.) Had these certificates been held by some person other than the plaintiff, there could be no question that the amount paid to redeem from the sales was allowable by the sheriff out of the proceeds of ·the sale made by him.

But the appellant contends that the plaintiff, being the mortgagee and also the holder of the certificates of the tax sales, was not entitled to have the amount legally due thereon allowed out of the purchase money.

We are unable to see any ground upon which this claim can rest. There is no such relation of trust between a mortgagor and mortgagee, as prevents the latter from acquiring an adverse claim or lien to or upon the mortgaged premises and enforcing the same with like effect as any stranger could. The mortgage is a mere security for a debt and imposes no duty upon the mortgagee to protect the interests of the mortgagor, unless there is some special covenant creating such a duty. In *Dale* v. *McEvers* (2 Cow., 118), relied upon by the appellant, it was held that where mortgagees bid in the mortgaged premises at an assessment sale, for the term of one year, and paid the amount of the assessment, they could not maintain a bill to foreclose the mortgage for reimbursement of such payment. But in that case there was no right of redemption ; the mortgagees took a lease from the corporation and became entitled to the enjoyment of the premises for the term, and the assessment became extinguished. The ground of the decision was that the right to enjoy the use of the premises for the year was an equivalent for the amount paid, and that the mortgagee could not have that benefit and also claim from the mortgagor the amount paid for it. It was conceded in that case that, had the purchase by the mortgagees been merely of a senior lien affecting the premises, they would have been entitled to payment. But it was claimed, and was held by the court, that the purchase of the lease of one year was made by the mortgagees for their own benefit, and they must be considered as having paid the assesssment

for the privilege of holding the premises for a year, and that their purchase was an admission that the term was worth the sum paid by them. But in the present case there was no lease, and the mortgagee acquired no right to enjoy the premises. He merely became the owner of an undischarged lien for the amount of the tax, with the expenses and the percentage allowed by law. The bid of the plaintiff at the foreclosure sale was made with reference to the terms of sale, which provided that all liens for taxes should be deducted from the purchase money. The right to deduct the amount legally due upon these liens cannot be affected by the fact that he was himself the owner of them. The position of the mortgagor was precisely the same as if they had been held by a third party, and the mortgagee was under no legal disability to acquire them, nor is he under any legal obligation to accept less for them than the amount due thereon according to law. It was in the power of the mortgagor at any time to stop the enhanced interest by paying the taxes or redeeming from the sales, and he had no right to require the mortgagee to do this for his benefit.

The order should be affirmed, with costs.

All concur.

Order affirmed.