## CHARLESTON.

### BECKWITH v. SEBORN.

Submitted January 20, 1888.—Decided February 18, 1888.

1. MORTGAGE—TAXES—TAX-TITLE—MORTGAGEOR AND MORTGAGEE— TAX-DEED—TAX-SALE.

Where a mortgagee is not in possession of the lands conveyed by the mortgage deed, nor bound by any covenant, agreement or promise to pay the taxes on the property, there being no trust-relation existing between the mortgageor and mortgagee, the mortgagee may purchase the lands so mortgaged, and acquire a good title thereto under his tax-deed; and if, under such circumstances, the mortgagee is dead, his executor may purchase the land at a tax-sale, and acquire title under a tax-deed. (p. 6.)

2. MORTGAGE—TAX-TITLE—TAX-SALE—MORTGAGEOR AND MORTGAGEE.

But where it appears, that shortly after the mortgage was recorded the land was charged on the assessor's books in the name of the mortgagee, and not in the name of the mortgageor, and so

remained for eight years, and not returned delinquent, so far as shown by the record, and then, after litigation had arisen with reference to the land between the mortgagee and the party entitled to the equity of redemption, the executor of the mortgagee suffered the land to be returned delinquent and purchased it at a tax-sale, the law will from these circumstances imply a promise from the mortgagee to the mortgageor to pay the taxes, and the purchaser being the executor of the mortgagee can not under such circumstances acquire title to the land, as it would be a fraud on the rights of the mortgageor to permit it. (p. 7.)

3. PARTIES—JOINDER OF PARTIES NOT IN INTEREST—EFFECT.

The joinder of an improper plaintiff, having no interest in the suit, will not affect the right of the real party in interest to maintain it. (p. 8.)

*W. G. Bennett* for appellant.

*F. A. Seborn* and *W. P. Hubbard* for appellee.

JOHNSON, PRESIDENT :

In 1883, Charles Bayne, trustee of Sarah A. Beckwith, and Sarah A. Beckwith, filed their bill in the Circuit Court of Upshur county, against F. A. Seborn, executor of the will of William Crabtree, and F. A. Seborn in his own right, and C. F. Ridgway, administrator of Abram C. Howard, deceased, to set aside and annul a certain tax-deed. The bill alleges that on the 26th day of July, 1860, John S. Flesher conveyed to Charles Bayne, as trustee, for the sole and separate use of plaintiff, Sarah A. Beckwith, a tract of over 1,420 acres of land in said county ; that said tract of land was duly entered on the land-books of said county in the name of Charles Bayne, trustee for Sarah A. Beckwith ; that on the 20th day of February, 1865, one A. C. Howard, representing himself as trustee in the place of the said Charles Bayne, without the knowledge and consent of the plaintiffs, and without in fact any authority to act as said trustee, borrowed from said William Crabtree $2,750, and the said Howard, to secure to said Crabtree the payment of the said sum, did, on the fifth day of February, 1870, as trustee, without the knowledge or consent of the plaintiff, Sarah A. Beckwith, execute to said Crabtree a mortgage on said tract of land, and signed and sealed said mortgage, "A. C. Howard, as trustee of Sarah A. Beckwith ;" that said mortgage was

admitted to record in the said county on the 5th day of March, 1870; that after the execution of said mortgage, and after the same had been admitted to record in said county, the said William Crabtree caused the said land to be dropped from the land-books of said county in the name of said Bayne, trustee for plaintiff, Sarah, and placed on said books, in the name of said William Crabtree, and that this was done without the knowledge or consent of the plaintiffs, or either of them; that said land so remained on the books until 1874; that said Crabtree died in 1873, having made his last will and testament, wherein he appointed the defendant, F. A. Seborn, executor; that said will was admitted to probate in said county of Upshur on the 10th day of February, 1874, at which time said Seborn qualified as executor; that said land remained on the land-books, charged for taxes in the name of said William Crabtree, until 1878, at which time, and for the taxes of 1878, it was returned delinquent in the name of said Crabtree, and on the 13th day of October, 1879, was sold by the sheriff of Upshur county for the taxes of 1878, at which sale the same was purchased by D. D. T. Farnsworth, S. B. Philips, and C. E. Mylins; that said Seborn, while he was acting as such executor, took from said purchasers an assignment of such purchase in his own name and for his own benefit, and on the 14th day of December, 1880, obtained from the clerk of the County Court of Upshur county a deed for said land; that on the 9th of September, 1880, the plaintiff, Sarah A. Beckwith, redeemed said land in the said clerk's office; that said Seborn was not then, nor is now, a resident of this State, and could not be found·in the county, a copy of the certificate of redemption being filed with the bill; that said Howard has departed this life, and the defendant, Ridgway, was appointed his administrator; that all the acts of said Howard as pretended trustee or otherwise in relation to said land are fraudulent and void, and are a cloud on the title of the plaintiffs' land; that C. A. Howard was not appointed trustee until the 18th day of May, 1865, as appears by a copy (Exhibit F) of the order appointing him, whereas the pretended borrowing of said money as "trustee" was on the 20th day of February, 1865. The prayer of the bill is that said tax deed be declared void, and for general relief.

The defendant, F. A. Seborn, answered the bill, admitting that the land was charged on the land-books of said county for the taxes of 1878, in the name of William Crabtree, but denying that said Crabtree had said land placed on the land-books in his name, and alleging that it was placed there without his knowledge ; that the taxes for the year 1878 not being paid, said tract of land was returned delinquent; that on the 13th day of October, 1879, the sheriff of said county sold said tract of land for taxes, and that Farnsworth, Philips, and Mylins became the purchasers at the price of $44.82; that on the 28th day of October, 1879, said purchasers, in consideration of a sum of money largely in excess of said purchase-money paid to them by said defendant, assigned to the defendant the benefit of their said purchase, by a writing, which is exhibited with the answer ; that on the — day of March, 1880, this defendant paid to the sheriff $28.41, the taxes on said land for the year 1879; that on the 4th of December, 1880, the clerk of said County Court conveyed to the defendant the said tract of land by a deed, which was duly admitted to record on the 7th day of December, 1880; that at the time of said sale the said land was the sole and separate property of Sarah A. Beckwith ; that Sarah A. Beckwith was not in her own name charged on the assessor's books of said county with the taxes of 1878, nor was any other person except the said Crabtree, and that the husband of said Sarah died in 1878 ; that Sarah A. Beckwith did not on the 9th day of October, 1880, nor at any other time redeem said land ; that on that day she paid into the clerk's office of the County Court $49.70 to redeem said land, but that said amount was wholly insufficient for that purpose, as the amount $44.82, paid at the sale of said land, and the $28.41 paid for taxes of 1879, with the interest allowed by law, would, at the time of such attempted redemption, have aggregated at least $79.80 ; that this defendant has always refused to accept the sum paid to the clerk; that he has paid the taxes up to and including the year 1883 ; that it is true defendant is the executor of said William Crabtree, "but that he bought said land in his own name, and is the owner of it; that this is a matter with which the plaintiffs have nothing to do." Seborn, as executor, did not answer; neither did Fisher, administrator. But little evidence was taken in the case.

J. S. Fisher, in his deposition, says, that at the request of Sarah A. Beckwith, for whom he had been attorney in certain chancery suits, he told C. C. Higginbotham, attorney for F. A. Seborn, executor for William Crabtree, that said Sarah wished to redeem the land which had been sold for taxes, and which Seborn was then claiming; that Higginbotham said "that would be all right;" that he then went to the clerk, and asked for a statement of the amount necessary to redeem the land; that the clerk made out a statement, which showed it would require less than $50.00; that he then wrote to C. B. Beckwith, a son of Sarah, who was transacting business with witness for his mother, in reference to said land, informing him of the amount necessary to redeem the land; that he immediately sent witness a check for $50.00; that witness got it cashed, and paid the clerk $49.70. The statement showed that at the time named in the certificate of the clerk, Seborn was not residing in Upshur county, and could not be found there.

C. C. Higginbotham, in his deposition, says that the taxes for 1879 were by him, as the agent of F. A. Seborn, paid to the sheriff on or before the 6th day of March, 1880, and amounted to $28.41; and that the taxes, up to and including the year 1883, had been paid by Seborn, by witness as his agent. These are the only two depositions taken.

On the 25th day of February, 1885, the cause was heard on the bill taken for confessed as to Ridgway and Seborn, executors, and upon the answer of F. A. Seborn, general replication thereto, and the exhibits and depositions; and the court dismissed the bill with costs. From this decree Sarah A. Beckwith appealed.

It is well settled that whenever a party holds such a relation to the land or its owner, whether by express contract or by implication of law arising on such relations that it is his duty to pay the taxes, he can not allow the land to be sold for the taxes, and become the purchaser, and thus defeat the title of the owner. He can not build up a title on his own neglect of duty. Burroughs Tax'n, 352. A tenant, who is under obligation to his landlord to pay the taxes on the land he rents, is disqualified from being the purchaser of the land at a tax-sale. *Williamson* v. *Russell*, 18 W. Va. 613. If

one of several tenants in common purchases the land held in common at a tax-sale, or from a stranger who bought it at such tax-sale, such title so acquired will inure to the benefit of all the tenants in common. *Battin* v. *Woods*, 27 W. Va. 58. A mortgageor remaining in possession of the land owes it to the mortgagee to keep down the taxes; and the law would justly be chargeable with connivance at fraud and dishonesty, if a mortgageor might allow the taxes to become delinquent, and then discharge them by a purchase which would at the same time cut off his mortgage. Cooley Tax'n, 345. One in possession of mortgaged land under a deed from the mortgageor, subject to the mortgage, can not take title, as against the mortgagee, by tax-deed, for taxes which the mortgageor or those holding under him were bound to pay. *Avery* v. *Judd*, 21 Wis. 264. But the mortgagee not in possession, and not receiving the rents and profits of the land, stands, with reference to his duty, in a very different position.

A mortgage is a mere security for a debt, and there is no such relation of trust or confidence between the maker and holder of a mortgage as prevents the latter from acquiring title to its subject, under his own or any other valid lien. He might pay the taxes or not, as he chose; or he might stand upon his general rights and purchase at a tax-sale of the land. *Williams* v. *Townsend*, 31 N. Y. 415.

This Court held in *Summers* v. *Kanawha Co.*, 26 W. Va. 159, that where a debt is secured by a deed of trust upon the land of the debtor, not in possession of the creditor, who is not otherwise interested in said land, such creditor is under no obligation to pay the taxes upon said land, in the absence of any covenant, promise or agreement to do so; that where such creditor is neither in possession of the land charged with such trust-debt, nor bound by any covenant, promise or agreement to pay the taxes charged thereon, and where no relation of trust or confidence between him and the trust-debtor exists, he is not precluded from acquiring at a tax-sale the title to the land conveyed by said deed of trust to secure the payment of his trust-debt.

So Crabtree, the mortgagee, could have been a purchaser at the tax-sale, and acquired title to said land, and, of course,

after his death, his executors representing him could have purchased it at such sale, unless there was some covenant, agreement or promise made by Crabtree to the executor that the taxes should be paid by said Crabtree, the mortgagee, or his executor after his death.

It is charged in the bill, not that there was any promise on the part of the mortgagee, who it is not claimed was in possession of the land, to pay the taxes, but "that after the execution of the mortgage, and after the same was admitted to record in the said county of Upshur, the said William Crabtree caused the said land to be dropped from the land-books of the said county in the name of the plaintiff's trustee, as aforesaid, and placed the same on said book in the name of William Crabtree, and that this was done without the knowledge or consent of the plaintiff, or either of them." This part of the bill, so far as it charges that Crabtree had the land put on the books in his name, is denied by the answer of Seborn, and there is no evidence except the circumstances to sustain the charge. But it is clearly alleged in the bill, and not denied by the answer, that shortly after the mortgage was recorded, which was on the 5th day of February, 1870, the name of the trustee of Sarah A. Beckwith was dropped from the land-books, and the said land charged thereon for taxes in the name of the mortgagee, William Crabtree, and that said land remained so charged in the name of William Crabtree from that time until the year 1878, when it was returned delinquent for the non-payment of the taxes for that year; that two chancery suits—one in the name of *Brooks, Assignee, etc.* v. *Eli Beckwith and others*, and the other in the name of *Crabtree's Executors* against *Eli B. Beckwith and others*—were instituted in the Circuit Court of Upshur county, to adjudicate and settle the rights of the parties to this suit as to said 1,420-acre tract of land, and it was asked that the suits be heard together.

From these circumstances, that shortly after the mortgage was admitted to record the land was charged for taxes in the name of the mortgagee, William Crabtree, and not thenceforth charged in the name of the trustee for Mrs. Beckwith; and there being litigation about Mrs. Beckwith's right to the land; and after it had been thus charged on the

books, in the name of the mortgagee for four years, until he died in 1874, and still four years more after his death, when it was, so far as the records show, for the first time permitted to be returned delinquent for the non-payment of taxes, and then sold the next year for the payment of said taxes, and bought by Farnsworth, Mylins, and Philips, who, a short time afterwards, assigned the benefit of their purchase to F. Seborn, who was the executor of the mortgagee, William Crabtree,—we are authorized to find, and do find, that there was an implied promise made by the mortgagee, Crabtree, to the trustee of Sarah A. Beckwith, to pay the taxes on said tract of land; and it was a fraud on her rights, in the executor of Crabtree, to permit the land to be sold for taxes, and then become the purchaser of said land. The promise to pay the taxes may be implied as well as expressed. Therefore the said Seborn did not acquire any title under said deed.

It is unnecessary to consider the question whether the land was redeemed. How far it is necessary for a person seeking to redeem to inquire how much taxes have been paid by the purchaser since the sale, or whether, where the purchaser is a non-resident, the certificate of redemption by the clerk is conclusive, we will not in this cause inquire.

It is claimed in the argument of counsel for appellee that the fact, that Bayne was not the trustee,—having been superseded by the appointment of A. C. Howard,—and therefore not a proper party, was a sufficient reason for dismissing the bill. With this position we can not agree. Bayne was not a proper party; he had no interest, as trustee or otherwise, in the subject-matter of the suit. The trustee, Howard, was dead, and, there being nothing in the deed creating the separate estate directing who should be the holder of the legal title in the event of the death of the trustee, and no appointment having been made by the court, the administrator of Howard, the deceased trustee, held the legal title. Section 6, ch. 132, Code 1878. The said administrator is a party to the suit. The plaintiff had the right to maintain the suit, and the mere fact that an improper party was joined with her as plaintiff can not affect that right.

The record shows that on 22d day of February, 1884, Sarah A. Beckwith, the plaintiff, by her attorney, paid into court

$265.00, subject to the order of the court, with reference to the taxes on the land. Why she did this does not appear, but as she paid it on account of taxes, it, or so much thereof as is necessary for the purpose, ought to be paid to the executor of Crabtree, to reimburse the estate of the testator for taxes paid on the land, and if there is any residue of said deposit it should be paid the plaintiff.

The decree of the Circuit Court is reversed, the tax-deed cancelled, and the cause remanded with instructions to dispose of the said $265.00 as above indicated, and to enter a decree for the costs to the plaintiff.

REVERSED. REMANDED.