[No. 13095.  In Bank. —September 3, 1889.]

## JOHN M. WARD, APPELLANT, v. JULIUS C. MATTHEWS, RESPONDENT.

EJECTMENT — ENFORCEMENT OF TRUST — ALTERNATIVE JUDGMENT — TAX TITLE — REIMBURSEMENT OF TRUSTEE — RENEWAL OF MOTION. — When in an action of ejectment an alternative judgment has been entered adjudging that the plaintiff holds the legal title in trust to secure the payment of a debt, and that if the debt be paid by the defendant within twenty days, the plaintiff should convey to him the title, and if not, that the plaintiff shall be entitled to judgment for restitution of the premises as prayed for, and pending the suit a tax title to the land is acquired by the plaintiff, such title is also held in trust for the defendant, and the plaintiff is not entitled to judgment for restitution without including such title in an offer of conveyance of his interest. But as the taxes were properly assessed to the defendant in possession claiming ownership, the plaintiff is entitled to reimbursement of the taxes and costs, with legal interest, in addition to the amount of the original debt, before conveyance of the legal title by him to the defendant, and should be allowed to renew a motion for judgment of restitution, if after tender by him of a sufficient deed conveying all his interest in the property, the defendant should fail to pay the full amount of the debt, taxes, costs, and interest within a reasonable time.

ID. — ENFORCEMENT OF TRUST — FINALITY OF JUDGMENT — EFFECT OF AP-
PEAL. — A party has the right to question the correctness of a judgment
enforcing a trust against him by motion for new trial and appeal, and
the judgment is not final until the appeal is decided.

APPEAL from an order of the Superior Court of Butte County refusing a motion for judgment.

The facts are stated in the opinion.

*Gray & Sexton,* for Appellant.

*H. V. Reardan,* for Respondent.

BELCHER, C. C. — The plaintiff brought an action of ejectment to recover possession of 320 acres of land. The case was tried upon the issues raised by the answer, and on the twelfth day of June, 1885, the trial court found and adjudged that the plaintiff held the title to the demanded premises, in trust, to secure the payment by defendant to him of the sum of $1,192.93. It further adjudged "that said defendant pay to said plaintiff the said sum of $1,192.93 within twenty days from the date of this decree"; "that if payment or tender of payment is not made within the time herein specified, then this decree shall be null and void, and of no effect, and judgment shall be entered for plaintiff as prayed for in his complaint"; "that upon payment or tender of payment by said defendant to said plaintiff within the time herein provided, then at the time of such payment or tender of payment said plaintiff shall execute and deliver to said defendant a good and sufficient deed of the premises in the complaint herein described"; "that if said plaintiff shall refuse and neglect to execute and deliver such deed for the space of one day after such payment or tender of payment, then the clerk of the superior court, . . . . or his successor in office, is hereby constituted and appointed the commissioner of this court, with full power to make, execute, deliver, and have recorded such deed."

The plaintiff moved for a new trial of the case. The defendant, on the twentieth day after the decree was rendered, tendered to the plaintiff the amount of money named in the decree, and demanded a deed of the premises, but the plaintiff refused to accept the money or make the deed. The defendant did not deposit the money, and never applied to the commissioner appointed by the court to execute a deed. Subsequently the plaintiff moved the court to enter judgment in his favor, on the ground that defendant had failed to comply with the terms of the decree. The court denied the motion for new trial and the motion for judgment, and the plaintiff appealed from both orders.

Judgment affirming the orders appealed from was entered in this court on the thirtieth day of June, 1887 (73 Cal. 13), and thereafter, on the eighth day of July, 1887, plaintiff tendered to defendant a deed of the premises, duly executed, conveying all the right, title, and interest which vested in and belonged to plaintiff on and prior to the twelfth day of June, 1885, and demanded payment of the amount of money named in the decree, but defendant refused to accept the deed or pay the money. The deed was then left by plaintiff in the office of the clerk of the court.

On the seventeenth day of January, 1889, the plaintiff again moved the court below that judgment be entered in his favor, on the ground that the defendant had failed and refused to pay to plaintiff the money, or any part thereof, which he was adjudged to pay; or to comply in any respect with the terms of the decree. The motion was made upon affidavits showing all of the foregoing facts. The defendant opposed the motion by a counter-affidavit, made by himself, in which he stated, among other things, that, on the first Monday in March, 1885, the legal title to the land in controversy stood in the name of plaintiff, and that it became and was plaintiff's duty to return the property to the county assessor as

his, and thereafter to pay and discharge all taxes levied against it for that year; that plaintiff failed and neglected to return the property to the assessor, and it was assessed to defendant; that the taxes became delinquent, and the land was sold therefor in February, 1886; that at the sale the plaintiff became the purchaser, and there being no redemption, he, in the month of February, 1887, demanded and received from the tax collector a deed of the premises; that on the thirteenth day of May, 1887, plaintiff commenced another action, based upon his tax deed, to eject the defendant from the land, which action is still pending; that in consequence of the said deed and action, defendant's right to the land became clouded and uncertain, and it was impossible for him to raise any money upon the land; that defendant is a poor man, and has no other means of complying with the decree except by raising money on the land; that defendant is now and has at all times been ready to pay to plaintiff the money found to be due him, but the plaintiff has at all times refused to execute a deed conveying all his title to the land.

Upon this showing the court denied the plaintiff's motion, and the appeal is from that order.

The motion seems to have been resisted and denied on the ground that the deed tendered by plaintiff did not include the interest acquired by him under the tax sale and deed. And in support of the ruling, it is argued that as plaintiff held the title in trust for defendant when the assessment was made and when the property was sold and the tax deed executed, he took the tax title also in trust, and was not entitled to the relief demanded until he offered to convey all the title which he then held.

The argument appears to be sound, but, conceding it to be so, still, as the defendant was in possession of the property claiming ownership when the assessment was made, it was properly assessed to him, and it was his

duty to pay the taxes when they became due. (*Reily* v. *Lancaster*, 39 Cal. 357; *Christy* v. *Fisher*, 58 Cal. 259.) He failed to perform this duty, and the plaintiff was, therefore, justified in buying in the property for his own protection, and has now a just claim for the repayment of the taxes and costs, with legal interest thereon. Plaintiff has also a just claim — and this is not questioned — for the payment of the amount found due him by the decree. This money he might, and perhaps should, have taken when it was tendered to him at the end of the twenty days, but he had a right to question the correctness of the decision by a motion for new trial and appeal, and the judgment was not final until the appeal was decided. And in this connection it was said on the former appeal (p. 17): "It will still be incumbent on the defendant to tender to and deposit the money with the commissioner named in the decree, before he can obtain a deed to the land which will divest the plaintiff's title thereto."

Evidently the defendant ought not to be permitted to retain both the land and money, and the plaintiff should have some means of securing his rights. In our opinion the plaintiff ought to be permitted to renew his motion in the court below, and if he shall do so, and shall tender to defendant a good and sufficient deed, conveying all the interest he has in the property, upon payment by defendant of the sum directed by the decree to be paid by him, and also the amount paid by plaintiff for taxes and costs, with interest thereon, then on failure of defendant to make such payment within a reasonable time, the relief asked for should be granted.

The order here appealed from should be affirmed.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.