(105 App. Div. 329.)

SHAW v. YOUMANS et al.

(Supreme Court, Appellate Division, Third Department. May 23, 1905.)

MORTGAGES—FORECLOSURE—PAYMENT OF TAXES.

> Plaintiff in action to foreclose a mortgage, who purchased the property at the sale, may not waive the provision of the interlocutory judgment, made pursuant to Code Civ. Proc. § 1676, that the taxes be paid

out of the proceeds of sale, so as to throw the payment thereof on the owner of the equity of redemption.

Appeal from Special Term, Delaware County.

Action by Emma R. Shaw against George W. Youmans and others. From an order made on motion of defendant Youmans, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Wager & Fisher, for appellant.

G. W. & F. W. Youmans, for respondent.

HOUGHTON, J. The appeal is from an order directing a referee appointed to sell to pay the taxes on the property covered by the mortgages. Youmans, the defendant, was the owner of the equity of redemption. The interlocutory judgment entered against him provided that the referee should pay out of the proceeds of the sale all taxes and assessments. In this respect the judgment was in conformity to the directions of section 1676 of the Code of Civil Procedure. The plaintiff purchased the premises at the sale, and the referee failed to pay the taxes, which were a lien against the property, and they were in process of collection against the owner of the equity, Youmans. Thereupon he moved that the court direct the referee to pay the taxes as he was commanded by the judgment to do, and the court so ordered. The plaintiff claims that she can waive the payment of the taxes, and that the provisions of the Code and of the judgment were for her benefit alone, and cites as authority for the proposition the case of Morgan v. Fullerton, 9 App. Div. 233, 41 N. Y. Supp. 465. In that case the purchaser and the plaintiff agreed that the sale should be made subject to doubtful assessments, and waived their payment. The village attempted to compel the referee to comply with the judgment and pay the assessments. The court said the municipality had no interest in the judgment, which only affected the parties thereto. The taxes levied were primarily payable from the personal property found upon the premises whether the owner of the equity might be the owner or not, but when the sale was actually made pursuant to the directions of the judgment that all taxes which were levied should be paid from the proceeds of sale it became the duty of the referee to pay them in compliance with the provisions of the judgment. The defendant, as a party, had an interest in the judgment against him being observed and carried out. He stood content with it as entered. But if it had not contained the provisions as to the payment of taxes which were liens, he might have objected that it did not conform to section 1676 of the Code, and appealed or moved to correct it. One party cannot waive the provisions of a judgment benefiting the other party to it. The mortgagor or owner of the equity owed no duty to the mortgagee, in the absence of a provision in the mortgage to that effect, to preserve the lands against taxes and the crowding out of the lien of the mortgage. Cornell v. Woodruff, 77 N. Y. 206. The judgment was in conformity to the provisions

of the Code with respect to paying taxes. It was binding on the parties, and one party could not waive any of its provisions to. the prejudice of the other. The plaintiff could not come in and say that she waived payment of the taxes, which waiver .would have the effect of throwing the taxes upon another party, who would be relieved and protected if the provisions of the judgment were carried out.

The order was correct, and should be affirmed, with $10 costs and disbursements. All concur.