[No. 8881.   Department One.   November 11, 1910.]

EDGAR A. MAHER, *Appellant*, v. T. S. POTTER *et al.*,
*Respondents.*[1]

TAXATION—TAX TITLES—MORTGAGEE—PURCHASE TO PREVENT RE-
DEMPTION OF MORTGAGE. A mortgagee cannot acquire a tax title
against the mortgaged property and hold the same against the
mortgagor, except as a lien for the taxes paid, and one acquiring the
tax title under a conspiracy with the mortgagee can acquire no
greater right than could the mortgagee.

TAXATION—TITLE—ACTION TO SET ASIDE—LIMITATIONS—TRUSTS—
PURCHASE IN INTEREST OF MORTGAGEE. The three years statute of
limitations for actions to set aside a tax deed does not apply as to
one acquiring the tax title pursuant to a conspiracy with a mortga-
gee of the premises, for the purpose of preventing a redemption
from the mortgage; since such conspirator would hold the lands in
trust for the mortgagor, and as security for the money paid for
taxes.

GOSE, J., dissents.

Appeal from a judgment of the superior court for Chehalis
county, Irwin, J., entered January 3, 1910, upon sustaining
a demurrer to the complaint, dismissing an action to vacate
a tax deed.   Reversed.

*Edgar A. Maher* and *W. H. Abel*, for appellant.

*Austin M. Wade*, for respondents.

PARKER, J.—This is an action to set aside a tax deed issued
by the county treasurer of Chehalis county upon foreclosure
of a certificate of delinquency.   Judgment was rendered in
favor of the defendants, dismissing the action upon the plain-
tiff's electing to stand upon his complaint after the court had
sustained a demurrer thereto.   From this disposition of the
cause, the plaintiff has appealed.

The complaint alleges facts which appellant contends show
a number of defects in the foreclosure rendering the tax deed
ineffectual to divest him of title.   However, the following
facts, shown by the allegation of the complaint, are all we

[1]Reported in 111 Pac. 453.

need notice for the purpose of disposing of the present appeal. The appellant was the owner of the lots at the time of the foreclosure and issuance of the tax deed under which the respondents claim title. The tax foreclosure was based upon service by publication only; no summons being mailed to appellant, it being claimed that he was a nonresident of the state and that his residence was unknown. The respondent Potter was the plaintiff in the tax foreclosure, and also became the purchaser to whom the tax deed was issued. The other respondents are grantees of Potter. Among other facts alleged and relied upon to show that the tax deed did not divest appellant of title, are the following:

"That the amount paid for said certificate of delinquency was paid by or at the instance of one Margaret M. Parsons to whom the plaintiff herein had mortgaged said premises, or by some person or persons, or by or at the instance of some person or persons, to whom said Margaret M. Parsons had assigned or conveyed her interest in said real estate and premises described in said certificate of delinquency, or had made some contract, arrangement or had some understanding with, that the right or interest under said mortgage should be conveyed to the holder of said certificate of delinquency or to such person or persons as should succeed to the claim or title under the same, and that said certificate of delinquency was procured, and proceedings for the foreclosure of the apparent taxes lien thereunder were instituted and carried on and the deed of the county treasurer to said T. S. Potter was obtained, in pursuance of a conspiracy between the said Margaret M. Parsons and said T. S. Potter, the purpose of which was to defraud the plaintiff in this case and prevent him from redeeming from the lien of said mortgage and said delinquent taxes, and deprive the plaintiff herein of his title to said lands."

Tender of all sums due from appellant to respondents on account of taxes is alleged. The prayer is, in substance, that the tax deed to Potter and the conveyances from Potter under which the other respondents claim be set aside, and that appellant be permitted to redeem the lots by paying to respondents the sums due them on account of the taxes. The

complaint was demurred to by respondents upon the ground that it did not state facts sufficient to constitute a cause of action, and that the action was not commenced within the time limited by law.

It seems to us that the relationship of mortgagee and mortgagor, and the conspiracy between the mortgagee and respondent Potter, alleged in the above-quoted portion of the complaint, brings this case within the rule announced by us in *Shepard v. Vincent*, 38 Wash. 493, 80 Pac. 777, to the effect that a mortgagee cannot acquire a tax title to the mortgaged premises, and hold the same against the mortgagor, except as a lien upon the premises for the taxes paid in acquiring such tax title. His lien is then of the same nature as that of his mortgage, and subject to foreclosure only in the same manner. The more recent cases of *Finch v. Noble*, 49 Wash. 578, 96 Pac. 3, and *Stone v. Marshall*, 52 Wash. 375, 100 Pac. 858, are in harmony with this doctrine. The allegation that respondent Potter acquired the tax deed in pursuance of a conspiracy with the mortgagee, if true, renders it plain he acquired no greater rights than the mortgagee would have acquired had she taken the tax deed in her own name. We are of the opinion that these facts constitute a cause of action for setting aside the deeds and permitting appellant to redeem.

Respondents contend that since this is an action to set aside a tax deed, it is barred by Rem. & Bal. Code, § 162, providing that such action must be brought within three years after the issuance of the deed; and rely upon *Anderson v. Spokane, Portland, etc. R. Co.*, 57 Wash. 439, 107 Pac. 183, and *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850. It may be conceded that if that statute is applicable to this case, it has run its course and would bar this action; but since we conclude that the tax deed was in effect acquired by a mortgagee against a mortgagor, the statute of limitation has no application. Even if we should proceed upon the theory that the tax deed vested the legal title in the grantee, Potter, such legal title would be held by him in trust for the

mortgagor, and held only as security for the money paid in satisfying the tax upon which it was based. We are of the opinion that, if the allegations of the complaint above quoted be true, the statute of limitations has no effect upon the rights of the parties to this action. We conclude that the court was in error in sustaining the demurrer to the complaint. The judgment is reversed, with directions to overrule the demurrer to the complaint.

RUDKIN, C. J., MOUNT, and FULLERTON, JJ., concur.

GOSE, J., dissents.