## Eblen v. Major's Admr.

(Decided February 21, 1912.)

### Appeal from Henderson Circuit Court.

Mortgaged Property—Tax Sale—Purchase by Mortgagee—Lien.—A purchase by the mortgagee of the mortgaged property at a tax sale inures for the benefit of the mortgagor, the mortgagee acquiring by his purchase only a lien on the property for the amount of his bid with interest.

MORRIS & HART for appellant.

YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

J. L. Major owned a tract of 84 acres of land in Henderson County. On September 15, 1904, he executed a mortgage thereon to Samuel Eblen to secure a debt of $240. Major failed to pay the taxes for the year 1905; the land was sold by the sheriff and bid in by the State. He failed to redeem the land, and under the direction of the Auditor, it was sold by the Auditor's Agent on February 22, 1909. Eblen bought the land at this sale and a deed was made to him by the Auditor. Major died before the sale. This suit was brought by his administrator for the settlement of his estate. Eblen filed his petition in the action setting up his mortgage, his purchase at the sale made by the Auditor's Agent, and prayed that the land be adjudged to him, or if he was not entitled to the land that he be adjudged a lien on it for his money. The court refused to adjudge him the land but adjudged him a lien on it for his mortgage debt, and the amount he had paid at the tax sale. From this judgment he appeals.

Section 4032, Kentucky Statutes, is as follows:

"Any person having a lien on property upon which the owner has failed to pay the taxes, and has become delinquent, such lien holder may pay the taxes, interest and penalties thereon and shall be subrogated to the lien of the Commonwealth, county or district therefor, and the sum so paid shall bear legal interest from the date of payment, and shall be collectible in the same manner as the original claim of the lien holder."

The weight of authority is that the mortgagee whether

in or out of possession can not acquire or set up a tax title in the mortgage premises against the mortgagor. (See Note to Safe Deposit Co. v. Wickhem, 62 Am. St. Rep., 877-878; Stinson v. Conn. Ins. Co., 174 Ill., 125; Maxfield v. Willey, 46 Mich., 255; Woodbury v. Swan, 59 N. H.,22; Fair v.Brown, 40 Iowa, 310; Fisk v.Brunnette, 30 Wis., 102.) The reason of the rule is that the mortgagor and mortgagee have a unity of interest in the protection of their title, and it is not equitable that either of them should act adversely to the other in the preservation of the title in the maintenance of which they are both concerned. It was primarily the duty of the mortgagor to pay the taxes and when he failed to do so, and the property was sold for the taxes, the duty devolved upon the mortgagee to relieve the property from the burden. This is clearly the meaning of our statute. If Major had lived until the Auditor's sale he might have redeemed the land by paying the taxes to the Auditor's Agent. (James v. Blanton, 134 Ky., 803.) When Major did not redeem it, it was the duty of Eblen to redeem it, and he can not be permitted to put himself in a better position by failing to redeem and then buying in the property at the tax sale.

Judgment affirmed.