## COLUMBIA TRUST CO. v. NIELSON ET AL.

No. 4884.   Decided May 17, 1930.   (287 P. 926.)

*Wm. Story, Jr.,* and *Chas. D. Moore,* both of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman* and *Morris & Callister,* all of Salt Lake City, for respondents.

ELIAS HANSEN, J.

This suit was instituted by the plaintiff, filing a complaint in the usual form, to quiet title to about 440 acres of land situated in Box Elder county, Utah. The defendants answered denying the allegations of the complaint. They also filed cross-complaints alleging title to the premises to be in M. M. Johnson, as receiver of the copartnership of A. J. Nielson and Charles S. Burton. Upon issues joined, a trial was had to the court sitting without a jury. The trial court found against the claims of both the plaintiff and the defendants. Judgment was rendered dismissing plaintiff's complaint and defendant's cross-complaints upon the ground that neither had shown title to the premises in dispute. The plaintiff prosecutes this appeal from that part of the judgment which dismisses its complaint. The defendants have filed cross-assignments of error, but they have not appealed from the judgment dismissing their cross-complaints.

The documentary evidence introduced at the trial shows the following facts affecting the title to the premises in dispute. Prior to 1919, the title to the premises was vested in A. J. Nielson and Charles S. Burton. In April, 1919, A. J. Nielson and Ettie Nielson, his wife, conveyed the whole of the premises to the Columbia Trust Company by a statutory form of warranty deed which contained this provision: "This deed is given to secure any indebtedness now due or owing by the grantors, or either of them, to the grantee, or to secure any indebtedness which may hereafter exist or become due or owing from said grantors, or either of them, to said grantee."

The deed was recorded in the office of the county recorder of Box Elder county, Utah, on October 7, 1919. The taxes levied against the premises for the year 1914 were not paid. On February 15, 1915, a certificate of sale was issued by the county treasurer of Box Elder county to the county clerk and ex-officio county auditor of such county. On April 10, 1920, an auditor's tax deed was issued to Box Elder county. On December 4, 1923, the land was levied

upon pursuant to a writ of execution issued in an action wherein the Columbia Trust Company secured a judgment against A. J. Nielson. The Columbia Trust Company purchased the property on December 29, 1923, at the execution sale. On January 7, 1924, pursuant to a resolution of the board of county commissioners of Box Elder county, the property was conveyed by quitclaim deed by Box Elder county to the Columbia Trust Company. On August 29, 1925, the sheriff of Box Elder county executed and delivered a sheriff's deed conveying the property to the Columbia Trust Company.

The learned trial judge found that the title to the land involved in this controversy vested in Box Elder county, because the taxes for the year 1914 were not paid, and because of the proceedings had as directed by law for the sale of property upon which taxes have not been paid. The trial judge further found that conveyance of the land to the Columbia Trust Company by Box Elder county was a nullity because no notice of such sale was published. Thus, according to the view of the trial court, the title to the land is vested in Box Elder county, and not in any of the parties to this suit.

We are of the opinion that the trial court was in error in so holding. The county is not a party to this suit. It has received and retains the taxes which were levied against the premises and which were paid by the Columbia Trust Company to Box Elder county for the conveyance of the land. Laws of Utah 1921, c. 140, p. 384, provides: "The board of county commissioners may, at any time after the period of redemption has expired and before the sale as herein provided, permit a redemption from any sale where the property has been sold to the county."

Under the foregoing provision the county commissioners of Box Elder county were authorized to permit the Columbia Trust Company to redeem the land in controversy by paying the taxes owing thereon. The Columbia Trust Company was not a stranger to the title when it received the deed to the

property from Box Elder county pursuant to resolution of the county commissioners. Subject to the title of the county for the unpaid taxes, the Columbia Trust Company held a recorded deed from A. J. Nielson and his wife. It had also purchased the property at execution sale, although the sheriff's deed had not then been executed. Such a state of facts precludes the conclusion that the title to the land is in Box Elder county, especially in view of the fact that the county is making no claim to the property.

The major parts of the briefs of both the appellant and the respondents are devoted to a discussion of the question of whether or not the deed executed by Box Elder county passed an indefeasible title to the plaintiff. The defendants contend that plaintiff's title is defective because no notice of the sale of the property was published. The plaintiff contends that the county commissioners may sell property, the title to which is in the county, without a publication of notice of such sale. The record before us for review presents a question for determination, other than that of the publication of notice of sale, which we deem of controlling importance. At the time the plaintiff paid the taxes owing and received the deed for the property, it held a recorded title to the property. The title so held by the plaintiff was, by the terms of the deed, a conveyance given to secure payment of any indebtedness owing, or to become owing, by the grantors or either of them to the grantee. The law applicable to such a state of facts is thus stated in 41 C. J. p. 494, § 417.

"The general rule is that a mortgagee cannot make such a purchase of the property covered by his mortgage, at a tax sale, as will cut off the title of the mortgagor or the rights of other parties beneficially interested, although he thereby acquired an additional lien for the amount paid; and the same rule is applied to the mortgagee's grantee or assignee of the mortgage, or to any third person who acquires a tax title by conspiracy with the mortgagee. It has been held, however, that a mortgagee may acquire a valid tax title where he is under no legal or contractual obligation to pay the taxes, on the mortgagor's failure to do so, and that a mortgagee not in pos-

session is not bound to pay the taxes and does not hold a fiduciary relation to the mortgagor such as to disqualify him from buying at a tax sale, although it is otherwise if he is in possession and receiving the rents and profits."

The plaintiff has never been in possession of the property. It has not received any rents therefrom and it has not entered into any contractual obligation to pay the taxes. The text-writers and adjudicated cases are in conflict as to whether or not a mortgagee may set up a tax title to defeat the mortgagor's title where the mortgagee is not in possession, does not receive the rents, and is under no legal or contractual obligation to pay the taxes on the mortgaged premises. The following cases illustrate the reason for the rule which precludes a mortgagee from setting up a tax title to cut off the title of the mortgagor, even though the mortgagor is in possession of and receiving the rents from the mortgaged premises, and the mortgagee is under no contractual or legal obligation to pay the taxes levied on such premises. *Burchard* v. *Roberts,* 70 Wis. 111, 35 N. W. 286, 5 Am. St. Rep. 148; *Hall* v. *Westcott,* 15 R. I. 373, 5 A. 629; *Cauley* v. *Sutton,* 150 N. C. 327, 64 S. E. 3; *First National Bank of Rapid City* v. *McCarthy,* 18 S. D. 218, 100 N. W. 14; *Shepard* v. *Vincent,* 38 Wash. 493, 80 P. 777; *Eblen* v. *Major's Adm'r,* 147 Ky. 44, 143 S. W. 748; *Ward* v. *Matthews,* 80 Cal. 343, 22 P. 187; *Ragor* v. *Lomax,* 22 Ill. App. 628; *Maher* v. *Potter,* 60 Wash. 443, 111 P. 453. The rule announced in the foregoing cases seems to be supported by the greater weight of modern authority.

The following cases support the rule that a mortgagee out of possession who does not receive the rents and who is not under any legal or contractual obligation to pay the taxes on the mortgaged premises may set up a tax title to defeat the title of the mortgagor. *McLaughlin* v. *Acom,* 58 Kan. 514, 50 P. 441; *Beckwith* v. *Seborn,* 31 W. Va. 1, 5 S. E. 453; *Eaton* v. *American Building & Loan Ass'n,* 47 Minn. 236, 49 N. W. 865; *Price* v. *Salisbury,* 41 Okl. 416, 138 P.

1024, L. R. A. 1917D, 520; *Cornell* v. *Woodruff,* 77 N. Y. 203.

The law is well settled that one tenant in common of a tract of land cannot set up a tax title acquired by him to defeat the title of contenant. 1 Tiffany, Real Property (2d Ed.) § 201, at p. 695, and cases cited in the footnote.

After the plaintiff received its deed from A. J. Nielson and his wife it held legal title to an undivided interest in the property in trust and as security for the payment of any money that the Nielsons might be owing to the plaintiff. As to the legal title, plaintiff and Charles S. Burton were tenants in common. By reason of plaintiff's title to an undivided interest in the property, the board of county commissioners of Box Elder county had authority to permit it to redeem the property from the county at any time before sale. Under such circumstances the plaintiff may not set up its tax title to defeat the title of Charles S. Burton. The tax title as well as the title acquired by the conveyance from the Nielsons is held in trust by the plaintiff. *Ward* v. *Matthews,* supra. That the plaintiff acquired title to all of the interest of A. J. Nielson by reason of the sheriff's deed subject to the claims of the creditors of the partnership of Nielson & Burton is not questioned. By their cross-assignments of error defendants seek to have this court either make or direct the trial court to enter a decree quieting the title of the receiver of the copartnership of Nielson & Burton to the premises. But defendants have not appealed from the judgment and therefore we are powerless to grant them any affirmative relief. *Fowers* v. *Lawson,* 56 Utah 420, 191 P. 227. It appears, however, that the defendants are, and for a number of years have been, in possession of the premises and therefore they have such an interest as entitled them to here resist the claims of the plaintiff.

The relative rights of the parties in and to the premises was not inquired into at the trial except as affected by the

tax deed. The plaintiff based its claim upon the tax deed. The defendants assailed the validity of the tax deed and claimed that the title to the property was in the receiver of the partnership of Nielson & Burton. The defendants contend that copartnership property must first be applied to the payment of the copartnership debts, and that the property here involved is copartnership property and hence must go to the receiver. It is true, as contended by defendants, that as a general rule copartnership property must first be applied to the payment of partnership debts, and that the parties to the copartnership or their creditors are entitled to only such property as remains after the copartnership debts are satisfied. The rule is not of uniform application. Various facts may take a particular case out of the rule. It may also be observed that upon this record it is by no means clear that the property here involved belonged to the copartnership. At one time A. J. Nielson testified that it was copartnership property, and at another time he testified that he had a two-thirds interest in the land. There is nothing in the deed which conveyed the property to A. J. Nielson and Charles S. Burton to indicate that they received the land as copartners. There is no evidence that the land was purchased with copartnership funds. Moreover, it does not necessarily follow that the receiver is entitled to all of the property, even though it shall be determined that it is copartnership property. If the deed from the Nielsons to the plaintiff was given as security for money to be used for copartnership purposes and such money has not been repaid, there is no reason, so far as appears from the record before us, why the plaintiff has not a valid lien for the money advanced. There are various other facts that might affect the rights of the parties to this suit in and to the premises here in dispute, such as whether or not Burton consented that Nielson might mortgage his interest in the property, whether the plaintiff knew that the premises were copartnership property at the time it received the deed from the Nielsons. Other facts not disclosed by this record may

affect the relative rights of the parties to the tract of land here in controversy.

Upon this record there is but one course open to us, and that is to reverse the judgment, and remand the cause to the district court of Box Elder county, with directions to grant a new trial. Such is the order. Neither party will be allowed costs on this appeal.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, J.J., concur.